49  527
88  558
88  561

## A. M. ARNOLD V. MARY M. CAUBLE ET AL.

1. PARTITION—PURCHASERS OF DISTINCT PARTS FROM TENANT IN COMMON, DO NOT BECOME TENANTS IN COMMON.—In a suit by heirs of a deceased husband against two vendees of the widow, one of whom held from her a deed for the south half, and the other, by her deed of later date, held the north half of the tract, the court below, having allotted the north half to the plaintiffs, proceeded further to divide the south half between the two defendants, and to make an order adjudicating between them some matters as to improvements: *Held*—

> 1. It was competent, on partition, to allot the north half to plaintiffs, if necessary to their interest; and in such event, the purchaser of that half had no legal ground of complaint.
>
> 2. But the court, after having set apart the north half to the plaintiffs as their equal and proper share, had no power to float the purchaser who claimed that half down upon the south half, not included in his deed, and held by a deed older than his own.
>
> 3. A partition is a distribution among parties who are part owners, and cannot be made to operate as a conveyance of land to one of the parties to the suit, who had no interest in or title to that particular portion.
>
> 4. There was no such relation between the two purchasers from the widow, as to require the elder in time to divide his purchase with the junior purchaser of the other part of the tract, nor such as enables the court to adjudge any sum from one to the other on a failure of title to either.

2. PARTITION SUITS—PARTIES.—In partition suits, all of the co-tenants must be made parties; and any purchaser under one of them should be made a party, and he should be able to connect himself with the co-tenant under whom he claims.

3. SAME—IMPROVEMENTS IN GOOD FAITH.—On recovery by a co-tenant of lands upon which improvements have been made in good faith, under a claim of right, an account of the rents and profits should be taken, and the excess, if any, above them should be allowed to the party making such improvements.

4. SAME—EFFECT OF, AS TO CONVEYANCES.—Subject to these limitations, a co-tenant may have his share allotted from any part of the tract of land; and, so far as conflicting with this right, any conveyance by another co-tenant to a purchaser of a part of the tract by metes and bounds, is void.

5. RIGHTS OF PURCHASERS PROTECTED WHEN POSSIBLE.—Where but one, or where several hold small parcels of the estate, equity

would direct that the share or shares of each and his improvements be allotted as claimed, making such title good by allotting such tracts to the co-tenants from whom such purchases were made.

6. IN CONFLICTING EQUITIES AMONG PURCHASERS, ELDEST IS PREFERRED.—In analogy to the rule as to the rights of purchasers of parts of a tract or tracts of land covered by an incumbrance, requiring the enforcement of the incumbrance against the late purchasers first, it would seem equitable to give preference to an elder purchaser in partition; and the more so, when the subsequent purchaser had notice of the facts of the title.

APPEAL from Johnson. Tried below before the Hon. A. J. Hood.

The facts are given in the opinion.

*Davis & Oatis*, for appellant, cited and discussed Good *v.* Coombs, 28 Tex., 35; Burleson *v.* Burleson, 28 Tex., 410; Hartman *v.* Thomas, 37 Tex., 90; Robinson *v.* McDonald, 11 Tex., 385; Williams *v.* Wethered, 37 Tex., 130; McAllister *v.* Farley, 39 Tex., 560; McKey *v.* Welch, 22 Tex., 397; Wells *v.* Groesbeck, 22 Tex., 434; Trammell *v.* McDade, 29 Tex., 364; 2 Kent's Comm., 435.)

*D. T. Bledsoe*, for heirs of Cason, appellant.

*Amzi Bradshaw*, for Griffin, appellant.

ROBERTS, CHIEF JUSTICE.—The facts agreed upon on the trial—that the 160 acres of land was the community property of William G. and Lubincy Cason, and all of the property left at the time of his death; that after his death she, through her agent, sold the south half of it (in 1869) to A. M. Arnold, who went into possession, and made valuable improvements; that subsequently (in 1870) she, by her agent, sold the remaining or northern half to Y. H. Griffin; that plaintiffs in the court below, and appellees here, are his heirs, and that there is no administration pending upon his estate and no debts existing against it; and the further fact that

none of the parties have appealed from the judgment of the court, except A. M. Arnold—make it unnecessary to consider the sufficiency of the evidence to establish that Arnold and Griffin had received valid conveyances from Lubincy Melton, (formerly Lubincy Cason,) which would entitle them fully to represent her in a suit for a partition of said land, and make such partition valid, as to the plaintiffs and as to the other parties, without any judgment having been rendered in this suit against or for said Lubincy Melton and her husband, who are sued, and prayed to be made parties in the petition.

There was no inquiry, by allegations and evidence, made into the amount and value of improvements made by Lubincy Melton, if any, after the death of her former husband and before her alleged sale of the land. The evidence showed that Griffin had made no improvements, and the value of the improvements made by Arnold was not proved.

The commissioners appointed to aid in the partition of the land, reported that the north and south halves of the land were equal in value, set off to the plaintiffs the north half of the same as their equal share of the land inherited from their father, and then proceeded to divide the south half between Arnold and Griffin, giving to each forty acres of it, and reported the improvements on that allotted to Arnold to be of the value of $225, and those on that allotted to Griffin at $25. The court confirmed this report, and in order to make Griffin equal with Arnold, in reference to the land and improvements allotted to each of them respectively, adjudged Arnold to pay to Griffin $120.83⅓. How that particular amount was arrived at does not exactly appear, either from the report or from the evidence on the trial.

Arnold, as shown by his assignments of error, objects to that part of the judgment which gives to Griffin any part of the land included in his (Arnold's) deed, and which adjudges him to pay to Griffin said amount of money to equalize the division between them of the south half of the tract.

34

We are of opinion that the court erred, to the prejudice of the rights of Arnold, in this judgment of partition. It was competent for the court to set apart to the plaintiffs the north half of the land as their share of the tract, if it was necessary to make an equal division between them and their mother, irrespective of any rights that had been acquired by Griffin; and they could likewise have been given the south half, if that had been necessary, or they could have been given half of the land purchased by each, if that had been necessary. If they had been given the south half, or the half of each of the two tracts, it might have been necessary to have found the value of the improvements made by Arnold, or by their mother, on the part that was allotted to them, and to have made compensation to whoever was entitled to it, upon principles of equity pertaining to the partition of lands between cotenants and the vendees under one of them. But having set apart the north half to the plaintiffs as an equal division, Griffin had no right to complain of it, if it was necessary to do justice to the heirs of the deceased husband in making the division. Nor can we say that it was inequitable for a preference to be given to Arnold in the division, because he had bought his half first, went into possession of it, and made valuable improvements, of all which Griffin was bound to have had notice when he made his purchase of the whole of the remaining half of the land. But the court had no power, after setting apart the north half of the land to the plaintiffs as their equal and proper share, to float Griffin down upon the south half, not included in his deed, which had been bought by Arnold, because it was giving him a right to land that he had not bought. A partition is a distribution of land between persons who are part owners, and cannot be made to operate as a conveyance of land to one of the parties to the suit who had no interest in or title to the particular portion which was given to him in the division.

There was no such relation between Arnold and Griffin, who held different tracts by different titles, as that Arnold

could be required in equity to divide his land with Griffin, because Griffin had lost his land and was thrown back upon the warranty in his deed of purchase. And certainly there was no such contract, privity of estate, or other relation between them as would enable the court to raise up a debt by way of contribution, and adjudge it against Arnold, in favor of Griffin, to make Griffin's share in Arnold's land equal in value to that part which was allotted to Arnold.

In view of the case made by the record, neither the plaintiffs nor Griffin having appealed, it is unnecessary now for us to decide further, than that if it was necessary, in order to make a proper division of the land, to give the northern half of the land to the plaintiffs, the court had no power to take a part of the land that had been bought by Arnold and give it to Griffin, who had no interest in or title to it, and adjudge an amount of money to be paid by Arnold to Griffin to make their shares equal.

In reversing and remanding the case for a new trial, it may be well to consider some of the principles and rules of equity governing a suit of this kind for partition.

First, it is well settled that all of the co-tenants must be made parties to the suit; and any person claiming to hold any interest in the land under one of them must on the trial show himself legally entitled to the interest which he claims, otherwise the partition, when made, may not be complete and final. (Freem. on Co-tenancy and Part., sec. 463.) If Arnold and Griffin, or either of them, are not able to establish a good and valid title to the land claimed by each, then, to make the decree of partition that may be made valid, so as to confer good title in severalty to any part of the land upon the plaintiffs, their mother, and her husband if she has one, should be brought into court as defendants, and the decree should be made binding upon her. The reason the evidence relating to the titles of Arnold and Griffin has not been revised by this court, is that it was admitted on the trial that she had sold the separate tracts to them, thereby waiving on

the trial any defect that may have appeared in their titles. And as the mother had not been brought into court as a party, if the right of these defendants had been defeated, then the action, as a suit for partition, must have failed for the want of any proper party in court to legally divide the land with the plaintiffs.

It was not proved on the trial what was the extent or value of the improvements, if any, made by Mrs. Milton after the death of her husband, nor the amount of such improvements so made by her, that were upon each of the two tracts when sold by her; nor was it proved what was the extent and value of the improvements made by Arnold.

The plaintiffs were entitled to a division of the land as it stood, with reference to the improvements on it, at the time of the death of their father, and if improvements were made afterwards by their mother, or by persons holding under her, of a permanent character, so as to inure to their benefit, and made in good faith under a claim of right, they, (the plaintiffs,) upon suing for a partition of the land as joint tenants, should be held bound for a reasonable compensation for such improvements so made and existing upon the part of the land allotted to them in the partition. In this connection, also, the plaintiffs may be entitled to have an accounting for the use and occupation of the land, or for the profits derived from it, by those who have had the exclusive use of it. Both compensation for profits, use, and occupation, and for improvements, may be subject to limitations and conditions to be considered in each case, and subject also to the remedy sought, and by whom it is sought. (2 Story's Eq., secs. 1237, 1238; Freem. on Co-tenancy and Part., secs. 274–278; Putnam *v.* Ritchie, 6 Paige, 390.)

Subject to this equitable liability, they have a right to have the land divided without any further regard to the rights of the persons who may have bought different portions of the land from their mother, to the extent that such disregard of their rights may be necessary to give them their full

share in the land in the partition. (McKey *v.* Welch, 22 Tex., 396 ; 1 Hilliard on Real Estate, 593.) To that extent, the conveyances to Arnold and Griffin were voidable, however perfect their titles may have otherwise been. Still, as their titles were not necessarily void, they should, on principles of equity, be respected so far as it could be practicably done, consistently with the rights of the plaintiffs in making the partition. (Id.; Robinson *v.* McDonald, 11 Tex., 390 ; Freem. on Co-tenancy and Part., sec. 425 ; Campau *v.* Godfrey *et al.,* 18 Mich., 32.)

Where there is but one person so holding under a co-tenant, or several holding small portions comparatively, so that it is practicable, equity would require that the partition should be made so as to leave them in possession of the land sold to them, especially where they have made improvements on such portions, by setting apart that part of the land to the co-tenant that is their vendor.

In that event, their deed would mature into a good title. (See authorities above cited.) But that is not practicable in a case like this, where one co-tenant, entitled to only a half undivided interest in the land, sold half of the whole tract to Arnold, and the other half afterward to Griffin, by deeds purporting to convey the entire interest in each part, and not an undivided interest. Notwithstanding that form of conveyance, they conveyed such interest, and only such interest, in the land as she possessed, and had a right to convey, according to the provisions of the statute concerning conveyances. (Paschal's Dig., art. 998.)

But having thus conveyed to two persons the different parts of the whole tract, the question arises,—Is there any established rule in equity that will give Arnold the right, for which he insists, to have his half set apart to him, in right of his purchase from the co-tenant, Mrs. Milton, if it be practicable to do so, and thereby appropriate to the plaintiffs the whole of that part which was subsequently purchased from her by Griffin? The grounds upon which this claim is made

are, that he purchased his half first, in 1869, immediately went into possession, and before suit was brought had made valuable improvements; that after his purchase there still remained land of equal value to satisfy the claim of the plaintiffs for their equal share; that Griffin made no improvements, and bought the other half afterwards, in 1870, with notice of his previous purchase and occupancy; that Griffin also knew that his purchase embraced all of the balance of the land in which the plaintiffs had a right, was not shown, but was a fact that must have been easily ascertainable by him.

It is reasonable that such facts should incline a court of equity to give a preference to the claims of Arnold, if equally practicable, in making the partition, though we have been cited to no authority which establishes such a rule. It would be in harmony with the rule in equity which gives the first of several purchasers a preference in an estate incumbered with a mortgage previous to their purchases, by requiring the lands of the last purchasers to be first sold, if any of their lands have to be sold in discharge of the debt secured by the mortgage.

A decision has been made in Ohio, wherein it is held that prior purchasers have no right of preference in the division over subsequent purchasers of different parts of the land from one and the same co-tenant. The rule laid down in that case seems to be predicated, in part at least, on the fact that "at the time of the conveyances the parties all supposed the grantor to be seized of an estate in severalty." (Dennison v. Foster, 9 Ohio, 130; Freem. on Co-tenancy and Part., sec. 212.)

This could not have been so in this case, as the power of attorney and the deeds through which they both hold recite facts which show her title to and interest in the land; and that she and her former husband had children—the plaintiffs in this suit.

What we decide upon this subject is, that the commission-

ers having set apart the north half of the land to the plaintiffs, and the court having confirmed it in the decree, the preference thereby given to Arnold is not inequitable, but is rather in consonance with our opinion of what should be the equitable rule under the circumstances of this case, if it can be done, and at the same time the rights of the plaintiffs be fully meted out to them in the division of the land.

If it be right and proper to give the north half to the plaintiffs, then we hold that there is no authority, either in law or equity, to give in the decree of partition to Griffin one-half of the land deeded to Arnold by Mrs. Melton, and adjudge against him, in favor of Griffin, an amount of money to make their shares equal. This same view has been taken of a case in the Supreme Court of Connecticut, in which the reason is given why a purchaser from a co-tenant cannot be shifted from the locality specified in his deed to some other portion of the same tract of land in which his vendor had an interest as co-tenant, because "in this portion of the property his deed gives him no right or estate; nor can he have any communicated by a partition which is no conveyance, but a distribution founded on an antecedent right." (Mitchell v. Hazen, 4 Conn., 510.)

There is no such relation between Arnold and Griffin, as shown by the facts of this case, as would authorize a contribution from one to the other, either in land or money, to make them equal, either in their acquisitions or in their losses.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.