## No. 2060.

### JOHN T. DAVIS ET AL. *v.* E. L. AGNEW.

1. MARRIED WOMAN—SEPARATE ACKNOWLEDGMENT—PASCHAL'S DIGEST ARTICLE 1003.—The certificate of the officer taking a married woman's acknowledgment of a deed to her separate estate, under Paschal's Digest, Article 1003, must contain a recital to the effect that at the time of the acknowledgment she did not wish to retract. If it be wanting in this requisite, no title passes.

2. PARTITION.—There can be no partition between an owner and one having no interest; whatever be the form of the instrument attempting it, neither party loses or acquires anything. The basis of partition is co-ownership, and without it the instrument of partition is void.

3. SAME—WARRANTY.—A covenant of warranty in a deed of partition between an owner and one having no interest is not available to the latter. A contract of warranty must have a consideration to support it.

APPEAL from Hunt. Tried below before the Hon. J. A. B. Putman.

This was an action of trespass to try title. Suit was filed December 10, 1884, by E. L. Agnew against John T. Davis and Andrew Sproul, as members of the firm of Samuel C. Davis & Co., of St. Louis, Mo., and T. H. King, of Hunt county, Texas, to recover one hundred and sixty acres of land in Hunt county, the south half of the S. K. Woodson survey of three hundred and twenty acres. Defendant King pleaded tenancy under his co-defendants and disclaimed. Defendants Davis and Sproul pleaded general denial, not guilty, and innocent purchasers in good faith. The trial resulted in a verdict and judgment for

plaintiff; defendants Davis and Sproul appealed. The facts are stated in the opinion of the court.

*James H. Robertson* and *E. W. Terhune* for appellants, that the acknowledgment of the deed from John W. and Margaret Forshee to John W. Farrier was sufficient, cited Womack v. Womack, 8 Texas, 413; Fisk v. Miller, 13 Texas, 228; Belcher v. Weaver, 46 Texas, 294; Houston v. Perry, 3 Texas, 390; Portis v. Hill, 30 Texas, 529; Titus v. Kimbro, 8 Texas, 210; Sadler v. Anderson, 17 Texas, 245; Revised Statutes, article 4310.

They also cited Johnson v. Newman, 43 Texas, 629; Graham v. Hawkins, 38 Texas, 634; Martin v. Parker, 26 Texas, 259; 1 Pomeroy's Equity, section 366; 2 Id., section 727; Millican v. Millican, 24 Texas, 426; 3 Greenleaf on Evidence, section 253; Thorn v. Newsom, 64 Texas, 161; Taylor v. Harrison, 47 Texas, 461; Harrison v. Boring, 44 Texas, 261; Holmes v. Johns, 56 Texas, 41; Borden v. McRae, 46 Texas, 400; Wallace v. Campbell, 54 Texas, 88; Grace v. Wade, 45 Texas, 524; Grimes v. Hobson, 46 Texas, 418; Parker v. Coop, 60 Texas, 116; Eylar v. Eylar, 60 Texas, 520; Ayers v. Duprey, 27 Texas, 603; Stephenson v. Railway Company, 42 Texas, 169; Lyon v. Paschal, 45 Texas, 436; Hewitt v. Thomas, 46 Texas, 235; Battle v. Carter, 44 Texas, 485; Wilson v. Zeigler, Id., 658; Moore v. Rice, 51 Texas, 290; Revised Statutes, article 1235; Hildebrand v. McMahan, 59 Texas, 451; Bowers v. Chaney, 21 Texas, 368; Lawler v. White, 27 Texas, 254; Boggess v. Howard, 40 Texas, 158; Rippetoe v. Dwyer, 49 Texas, 506.

*Mathews & Neyland,* for appellees, cited Revised Statutes, 4310, 4313; Davis v. McCartney, 64 Texas, 584; Ruleman v. Pritchett, 56 Texas, 482; Belcher v. Weaver, 46 Texas, 294; Langton v. Marshall, 59 Texas, 298; Johnson v. Bryan, 60 Texas, 624; Rodgers v. Burchard, 34 Texas, 441; Smith v. Bank of Mobile, 21 Alabama, 124; Hobby's Texas Land Law, section 540; Carter v. Wise, 39 Texas, 274; Hamman v. Keigwin, 39 Texas, 35; Milam v. Bateman, 54 Texas, 168; Thorn v. Newsom, 64 Texas, 161; Carter v. Wise, 39 Texas, 275; Sanders v. Bolton, 26 California, 419; Hildebrand v. McMahan, 59 Texas, 454; Waples's Proceedings in Rem, sections 85, 586.

STAYTON, ASSOCIATE JUSTICE. The appellee shows title to the land described in his petition by regular chain of transfer from

the original grantee to himself, and was entitled to recover, unless the appellants have shown, as they claim, that they are purchasers from one of the heirs of the original grantee, under such circumstances as entitle them to hold against the unrecorded deeds under which the appellee claims.

Under the facts shown, the appellants can not hold any part of the land through the deed made by Ephraim Woodson, one of the heirs of the original grantee, for whatever title passed through that vests in John C. O'Neal, or his assigns. The title of the appellants rests upon the deed made by Margaret Forshee and her husband. Margaret Forshee was one of the heirs of the original grantee, and if no title passed by the deed made by her and her husband to the person through whom the appellants claim, then an inquiry as to whether they would be entitled to protection under the registration laws, if title did so pass, becomes unnecessary.

The deed from Margaret Forshee and her husband, when offered, was excluded, on the ground that the certificate of the officer taking her acknowledgment did not show that the deed had been so executed as to pass title to the separate estate of a married woman.

The certificate of the officer is as follows:

"STATE OF MISSOURI,
    "COUNTY OF GREEN.

" Be it remembered that Margaret Forshee and John Forshee, her husband, who are personally known to the undersigned, a notary public within and for the said county, to be the persons whose names are subscribed to the foregoing deed as parties thereto, this day appeared before me, and acknowledged the same to be their voluntary act and deed, for the uses and purposes therein contained.

"And the said Margaret Forshee first being by me made acquainted with the contents of said deed, acknowledged on an examination separate and apart from her husband that she executed the same, she being the absolute owner of the real estate therein mentioned, freely and without compulsion or undue influence of her husband.

" Given under my hand official seal this 12th day of January, 1872.                                    " T. H. B. LAWRENCE,
    [L. S.]                                'Notary Public Green Co., Mo."

The objection made to this certificate was that it did "not show that at time of acknowledging the deed she stated to the officer taking her acknowledgment that she did not at that time wish to retract her signature."

The law in force at the time the certificate was made provided: "That when a husband and his wife have signed and sealed any deed or other writing purporting to be a conveyance of any estate or interest in any land, slave or slaves, or other effects, the separate property of the wife * * * * if the wife appear before any judge of the Supreme or district court, or notary public, and being privily examined by such officer, apart from her husband, shall declare that she did freely and willingly sign and seal the said writing, to be then shown and explained to her, and wishes not to retract it, and shall acknowledge the said deed of writing so again shown to her to be her act; thereupon such judge or notary shall certify such privy examination, acknowledgment and declaration under his hand and seal, by a certificate annexed to said writing, to the following effect or substance, viz:

"State of Texas, county of ——. Before me, ——, judge of, or notary public of —— county, personally appeared ——, wife of ——, parties to a certain deed or writing, bearing date on the —— day of ——, and hereto annexed, and having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said ——, acknowledged the same to be her act and deed, and declared that she had willingly signed, sealed and delivered the same, and that she wished not to retract it; to certify which I hereto sign my name and affix my seal, this —— day of ——, A. D. ——." (Pas. Dig. 1003.)

This law was in full force, in so far as it affects the question now before us, when the certificate above set out was made; and, without a substantial compliance with its directions, a deed purporting to convey the separate estate of a married woman did not convey title.

The first part of the section prescribes the acts necessary to be done both by the officer and the person whose acknowledgment he is taking; and it further provides what declarations the married woman must make before the officer, and that to his own acts, her *acknowledgments* and *declarations*, he may certify, after they have been made under the circumstances prescribed by the law.

It is required that "she declare that she *did* freely and wil-

14 — TEX. APP. LXVII.

lingly sign the said writing, to be *then* shown and explained to her, and *wishes* not to retract it, and shall acknowledge her said deed or writing so again shown to her *to be her act*"—not to have been her act. The officer's examination is made for the purpose of ascertaining what the will of the married woman is at the very time she is before him, and not to ascertain what her act or will was at some former time. If the officer makes the certificate which is declared to be sufficient to evidence that he has made the proper examination and explanation, and that the requisite acknowledgments and declarations have been made, although it may not recite as fully as does the former part of the section that those things were done, it is conclusive evidence of these facts, in the absence of such fraud as will invalidate the certificate.

The certificate before us may be sufficient to show that Mrs. Forshee acknowledged that she had willingly signed and delivered the deed, for it certifies that she acknowledged that she *executed* it freely, which involves the signing and delivery.

This may all have been true at the time these things were done, and still her act inoperative; for it was her right, up to the very time of declaring her ultimate will, to withdraw her free consent that the paper should be operative; and as the evidence that she did not do this, the officer must have certified that she declared that she wished not to retract it, or to equivalent facts.

The first part of the law evidences too clearly that the officer taking the acknowledgment of a married woman must ascertain her will at that time, and to do so, after she has been privily examined by the officer apart from her husband, he must ascertain from the declarations made by her not only that she did freely and willingly sign the writing, but that she then has no wish to retract, to take back, to withdraw from the act of signing, her intention to make it her act freely and willingly performed; and, as if to emphasize this, the law requires, after this declaration of no wish to retract has been made, that the officer shall then take from her an acknowledgment that the writing then shown to her is her act.

This acknowledgment is evidenced by the certificate of the officer "that she acknowledged the same to be her act and deed;" and the evidence of her declaration that she had no wish to withdraw from the act of signing, her intention or wish to make it her act, freely and willingly performed, is to be found

in the certificate of the officer that she declared "she wished not to retract it." There is nothing in the certificate of the officer showing, substantially, that the facts existed which authorized him to make a proper certificate, nor are there words in the certificate equivalent to those in the form of certificate, which the law has declared shall be sufficient evidence that those things which the law makes requisite to the passing of title to the separate estate of a married woman have ever been performed.

There was no error in the ruling excluding the deed from Mrs. Forshee and her husband.

This is decisive of the case before us, and it is as unnecessary as it would be improper for us to pass upon the other questions raised in the very elaborate briefs of counsel for appellants.

The judgment will be affirmed.

*Affirmed.*

Opinion delivered November 30, 1886.


## ON REHEARING.


STAYTON, ASSOCIATE JUSTICE. An application for a rehearing is made in this case on the ground that we have misconceived the facts or erred in the opinion, heretofore given, in holding that the appellants do not deraign title through J. C. O'Neal. There was no misconception of the facts on the original examination of the case, and, if there be error in the former opinion, it is error in declaring the law on the facts as they are.

The appellee, as was said in the former opinion, shows title to the land in controversy through a regular chain of title from the original grantee.

To avoid that title appellants sought to show that they were purchasers from the children of the original grantee, without notice that he had conveyed the land to a person through whom the appellee claims. We held in the former opinion that the appellants not only failed to show that they were innocent purchasers, but failed to show that they were purchasers at all.

The grounds for that opinion we will now give more fully than we did in the original opinion.

The land in controversy is the south half of three hundred and twenty acres of land patented to S. K. Woodson. Ephraim Woodson and Margaret Forshee were the only children of the original grantee. The defendants offered the following evidence:

I.   The patent and proof of heirship already referred to.

II.   Deed from Ephraim Woodson to W. H. Hensley to an un-divided one-half interest in said three hundred and twenty acres, dated February 26, 1872, filed for record April 25, 1872.   This is claimed to be a quit claim deed.

III.   Deed from W. H. Hensley to J. M. Griffin to an undivided one-half interest in said three hundred and twenty acres, dated February 26, 1872, filed for record April 25, 1872.   Warranty.

IV.   Deed from J. M. Griffin to W. M. Patterson to an undivided one-half interest in said three hundred and twenty acres, dated March 2, 1874, filed for record March 2, 1874.   Warranty.

V.   Deed from W. M. Patterson to J. C. O'Neal to an undivided one-half interest in said three hundred and twenty acres, dated September 1, 1875, filed for record September 1, 1875. Warranty.

VI.   Deed from Margaret Forshee and her husband, John W. Forshee, to Joseph W. Farrier to an undivided one-half interest in said 320 acres, dated January 12, 1872, filed for record February 2, 1872.   Warranty.

VII.   Deed of partition between J. C. O'Neal and Joseph W. Farrier, dividing said three hundred and twenty acres of land between them, dated July 12, 1876, filed for record July 12, 1876. Warranty.

VIII.   Defendants proved such facts as would show that they have whatever interest in the land Farrier acquired, and none other.

In the former opinion the deed from Mrs. Forshee was held inoperative, because not shown to have been properly acknowledged.   The correctness of that opinion is now conceded by the appellants.

From this statement it will be seen that the appellants have no title, unless the partition deed between J. C. O'Neal and Joseph Farrier confers upon them some right.   The deed between O'Neal and Farrier is not set out in the transcript, and the following is the statement made in reference to it:

"The deed from J. C. O'Neal to Joseph W. Farrier, dividing and partitioning said three hundred and twenty acres of land between said O'Neal and Joseph W. Farrier; deed dated July the twelfth, A. D., 1876; filed for record in the county clerk's office, Hunt county, Texas, July twelfth, 1876.   This also being a deed with full warranty."

It is at once apparent, as no title passed to Farrier by the deed from Mrs. Forshee, that the appellee owns at least an undivided interest in the land sued for, even if the deed made by Ephraim Woodson to W. H. Hensley be such as will enable persons claiming under it to hold as innocent purchasers.

So far as we can know, from the record, O'Neal may have conveyed to Farrier, in partition, the north half of the three hundred and twenty acres, of which the south half is in controversy in this case; and if this was so it would be conclusive against the appellants.   Whether so or not, it was the duty of the appellants to show; they do not show even that O'Neal conveyed to Farrier, in partition, the land in controversy.

But we do not wish to dispose of the case upon this ground; nor was it so disposed of on the former hearing, but upon its merits, on the assumption that, in partition, O'Neal conveyed the land in controversy to Farrier.

O'Neal and Farrier supposed that each of them owned the entire tract, and they wished to divide it, that each might hold in severalty one-half.   They attempted to do so, but their attempt was futile, because one of them had no title.   A partition of land between one who owns an undivided interest in it and one who owns no interest whatever is necessarily no partition, and neither confers upon one nor takes from the other any right, it matters not what may be the form of the instrument by which the intent to partition is evidenced.

The very basis for partition is co-ownership, and, when this does not exist, the instrument which attempts partition is simply void.   In the case of Dawson v. Lawrence, 13 Ohio, 546, it appeared that Houston and Smith, supposing that they owned, as co-tenants, a tract of land, divided it, and executed, the one to the other, deeds for the several parts, as they had agreed. These deeds recited moneyed considerations.

Smith and Houston each sold to other persons the parts of the land deeded, and it was subsequently ascertained that Houston had no title at the time partition deeds were executed.   The court held the partition void, and, in disposing of the case, so clearly states the law applicable to this case that we here assert a part of the opinion:   "If Houston's purchasers take his title only, they stand in his place and are bound by what binds him. But they seek, with much ingenuity, to grasp an equity as meritorious as that of the purchasers from Smith, from the peculiar form which Smith and Houston adopted in their division.   That

form consisted in mutual deeds of bargain, sale and release, for a consideration in money. They thence insist that this was not a simple extinguishment of interest, like a deed of partition or mere release, but a positive, affirmative conveyance, by which Smith sold a part of his land to Houston and Houston sold a part of his land to Smith, so that each purchaser from Houston may trace a part of his title to Smith, and each purchaser from Smith can trace a part of his title to Houston, and, consequently, the condition of each purchaser, deriving his title from the same source, is equally meritorious.

"We can not admit this to be the true interpretation of this transaction. The parties did not intend to acquire new rights, but to regulate the manner in which subsisting rights were to be enjoyed. Smith did not contemplate acquiring any title from Houston, nor to communicate to him any of his own, nor to share with Houston nor with Houston's grantees, the benefits of warranties from his own grantors. But a simple partition, by release, was all the parties meant, as they specified in the recital, and no one is liable to be misled by the nominal money consideration, or by the use of the words 'bargain and sale,' in this connection. The parties to those deeds lost nothing and acquired nothing except defined boundaries to the land they previously held in common. The purchasers from Houston, therefore, are not authorized to rely upon this act as anything except a partition—defining boundaries, but conferring no title."

It is claimed, however, that per force of the warranty of O'Neal, such interest as he had in the land in controversy passed to Farrier, and that the latter thus became the owner of half of it, if O'Neal owned an undivided half of the entire grant.

We do not see how a covenant of warranty can be made to have an effect on the title which O'Neal may have held at the time he made the warranty, which can not be given to the deed containing the warranty. A covenant of warranty is sometimes made available against a warrantor and his heirs by holding that it passes an after acquired title, or estops the warrantor and his heirs to assert it; and it is also made available as a contract to indemnify a vendee on failure of title.

If this was a contest for title between O'Neal and Farrier, the former claiming under an after acquired title, or by reason that the partition attempted between them had failed for want of such title in Farrier as would enable him to make partition, or were it an action by Farrier against O'Neal on his warranty, it

certainly could not be held under the evidence of right which Farrier would exhibit by the deeds under which he claims, that O'Neal was not entitled to recover the land in the one case, or that he was liable on his warranty in the other, for no consideration existed to support the deed containing the warranty.

A contract of warranty, like other contracts, must have a consideration to support it. Farrier parted with nothing if he acquired nothing through the instrument executed by Mrs. Forshee. A purchaser from Farrier must trace his title through the paper signed by Mrs. Forshee, and through the partition deed. The first would give him notice that Farrier acquired no title, and the latter that this invalid claim was the sole basis for the latter, and that Farrier was not a purchaser for value from O'Neal, but one who claimed to be a co-tenant, whose sole right depended upon the actual existence of that relationship between him and O'Neal.

It would be useless, in this case, to consider the several theories under which it has sometimes been said that the deed of a warrantor, as against himself and heirs, will pass an after acquired title, and which, in some cases, has been said to estop the warrantor and his heirs from asserting an after acquired title; for all these theories are based on the fact that a covenant of warranty, founded on a valuable consideration, and hence binding on the warrantor, exists.

Rules upon this subject have been adopted to sustain rights and to prevent injustice; but no technical application of them can be made for the purpose of creating rights where none exist, and to perpetrate a wrong.

There is nothing in the record tending to show that O'Neal conveyed or intended to convey to Farrier any title or estate which he may have held through the conveyance made by Ephraim Woodson, nor that Farrier paid or promised any consideration that would support such a conveyance, and it is, therefore, unnecessary to consider the effect of the conveyance under which O'Neal claimed.

The appellee shows title, and no effect can be given to O'Neal's warranty, which can pass to Farrier, or to any person claiming under him, any part of the title or estate thus held by him; nor can that warranty operate as an estoppel against him, for he was not a party to it, and does not claim or hold through any person who was. The motion for rehearing will be refused.

Opinion delivered December 21, 1886.    *Motion overruled.*