V. J. LEMONDS ET AL. v. W. H. STRATTON ET AL.

No. 102.

**Partition — Ratification — Sale of Distinct Portion of Survey by a Tenant in Common.**—A league and labor land certificate was the community property of Thomas F. Edwards and his wife. Edwards died in 1834, and his undivided half-interest in the certificate descended to Marcus, Leonidas, and Virginia, the children of him and his surviving wife, Esther. Marcus died in 1854, intestate and without wife or issue. Leonidas died in 1852, leaving his widow, now Mary A. Sanders, and his daughter, now Cora E. Williams. In 1851, Esther, the surviving wife of Thomas F. Edwards, and Virginia, for the

services of John L. Farquhar in locating the certificate and procuring patent upon the league and labor of land, conveyed to him by warranty deed an undivided interest of 2300 acres in the land. In July, 1856, a partition was made by Farquhar and said Esther and Virginia, whereby the north half of said tract of land was set apart to Farquhar, and the south half, in subdivisions, to Esther and the heirs. In a suit by the heirs of Thomas F. Edwards for a portion of the tract partitioned to Farquhar and held through mesne conveyances under him by appellees, *held:*

1. As the interest of Esther, the surviving wife of Thomas F. Edwards, and Virginia was in excess of the amount deeded to Farquhar, the conveyance was valid and binding and fixed title in Farquhar.

2. Appellants Cora Williams and her mother, Mrs. Sanders, not having joined in the partition, even though their portion was set apart to them of equal quantity and value, would not be bound by it unless they subsequently accepted it and ratified the partition. See facts held to show ratification and estoppel.

3. A sale by one tenant in common of a distinct part of a larger tract of land will be protected and the part so sold set apart to the vendor, where it does not exceed the share to which the cotenant vendor was entitled, and the equities among the tenants in common should be adjusted out of the remainder of the tract, if it can be done.

Appeal from Johnson.    Tried below before Hon. J. M. Hall.

*T. W. Gregory* and *Henry & Green,* for appellants.—1. It was error to assume that the surviving widow of Thomas F. Edwards owned one-half of the land; she owned at most three-eighths.   1 Sayles' Early Laws, art. 124; Goodrich v. O'Connor, 52 Texas, 378.

2. The acceptance by appellants of the respective portions set apart to them out of the south half of the survey, and their sale of the same, did not estop them from recovering their interest in the north half in this suit. Stone v. Ellis, 69 Texas, 329; Johnson v. Bryant, 62 Texas, 623.

3. A part owner of a land certificate can not bind his joint owners by a contract to give a part of the land for locating and securing patent. Stone v. Ellis, 69 Texas, 325.

4. The acceptance by one of appellants of the portion set apart to her out of the south half of the survey could not estop her from asserting her rights in the north half.   Stone v. Ellis, 69 Texas, 329; Johnson v. Bryant, 62 Texas, 623.

5. The fact that plaintiff Cora E. Williams, in ignorance of her rights, and of the fact that the north half had been set apart to Farquhar, accepted the land set apart to her in the south half of the survey, and asserted no claim to the north half, could not preclude her from recovering in this suit.   Reagan v. Holliman, 34 Texas, 403; Pome. Eq. Jur., sec. 817.

6. Although appellants may have known they were entitled to a portion of the north half of the survey, and that other parties were claiming all of it, and they still laid no claim to their portion, they are not estopped from recovering on their legal title in this suit.   Williams v. Chandler,

25 Texas, 11; Dunham v. Chatham, 21 Texas, 248; Love v. Barber, 17 Texas, 318; Pome. Eq. Jur., sec. 817.

*Poindexter & Padelford,* for appellees.—1. The court did not err in charging that the land in controversy was the community property of Thomas F. Edwards, deceased, and his surviving widow, Esther W. Edwards; said property being granted to the said Thomas F. Edwards or his heirs by reason of Thomas F. Edwards and Esther W. Edwards, his wife, being residents of Texas on the 2nd day of March, 1836, or by reason of their being residents of the State of Texas. All property acquired by husband and wife during the time that the marital relation existed is community property, under the Spanish civil law as well as under the laws of Texas since it became a Republic and State, and the husband and wife are each entitled to an undivided one-half thereof. Sayles' Early Laws, art. 118, secs. 7–12; Scott v. Maynard, Dallam, 548.

2. Mrs. Esther W. Cummings and Mrs. V. Hurst being owners of more than an undivided one-half interest in and to the Thomas F. Edwards survey, and having deeded to James L. Farquhar an undivided one-half in same, passed title to said one-half interest; and said survey having been partitioned between the said James L. Farquhar and the heirs of said T. F. Edwards, said partition being fair and equal, and said heirs having accepted said partition, and sold the half set apart to them, and received and appropriated the consideration thereof, can not recover any portion of that half set apart to the said James L. Farquhar, especially as against innocent purchasers for value. Wilson v. Helms, 59 Texas, 680; Conner v. Huff, 48 Texas, 364; Wardlow v. Miller, 69 Texas, 395; Cravens v. White, 73 Texas, 577.

3. A partition of land is considered by our courts not to be a conveyance of lands within the meaning of the statute of frauds; hence a parol partition of land is valid; and where such a partition is fair and just, same has been upheld, even where the rights of minors and married women are involved. Wardlow v. Miller, 69 Texas, 396; George v. Thomas, 16 Texas, 74; Stewart v. Baker, 17 Texas, 420; Cravens v. White, 73 Texas, 577; Gibbons v. Bell, 45 Texas, 423; Johnson v. Johnson, 65 Texas, 87; Shannon v. Taylor, 16 Texas, 413.

LIGHTFOOT, CHIEF JUSTICE.—*Conclusions of Fact.*—1. The land in controversy is a part of the north half of the Thomas F. Edwards league and labor of land, located in Johnson County.

2. Thomas F. Edwards and his wife, Esther W. Edwards, came to Texas, as husband and wife, in 1832 or 1833, and the former died in 1834, leaving surviving him his widow, the said Esther W., and three children, to-wit: (1) Marcus C. Edwards, who died in 1854, intestate and without wife or children; (2) Leonidas Edwards, who died in California in 1852, leaving

his widow, now appellant Mary A. Sanders, and his daughter, now appellant Cora E. Williams; (3) Virginia, now appellant Virginia J. Lemonds.

3. That on August 18, 1851, the said Esther, surviving widow of Thomas F. Edwards, deceased (who had married David Cummins), joined by her husband, and said Virginia (who was then married to O. P. Hurst), joined by her husband, in consideration of the services of John L. Farquhar in selecting and locating the Thomas F. Edwards league and labor, and procuring patent upon the same, he being an assignee of the original contract for location, conveyed to him by warranty deed an undivided interest in the said land of 2300 acres.

4. That on the 12th day of July, 1856, the said Esther and Virginia, joined by their husbands, entered into a written agreement with said James L. Farquhar for the appointment of commissioners and partition of the said Thomas F. Edwards league of land.

5. That on or about the 15th day of July, 1856, the said commissioners made a partition of the said land, according to the agreement of the said parties, which was accepted by them, setting aside to said James L. Farquhar 2300 acres, the north half of said tract, and to the said widow and heirs the south half thereof; and again subdividing the south half so as to set apart to said Esther, the widow of Thomas F. Edwards, deceased, 1150 acres out of said south half; to Cora Edwards, now appellant Cora Williams, 575 acres out of said south half; and to Virginia, now appellant Virginia J. Lemonds, 575 acres out of said south half.

6. That said Esther died about 1873, and after her death, appellants Virginia and Cora, with their husbands, joined in the sale and conveyance, by metes and bounds, of the 1150 acres set apart in said partition to her, and have also sold and conveyed, by metes and bounds, the several tracts set apart to them, fully recognizing the partition lines and corners and calling for same; and that such heirs have fully ratified said partition and accepted the benefits of it, and that in doing so they have obtained an equal amount of land in quantity, quality, and value with the north half set apart to James L. Farquhar; such heirs, with the other children of said Virginia, having procured the entire south half of said league.

7. That appellant Mary A. Sanders was a single woman from the death of her second husband, Q. C. Sanders, in February, 1874, until the institution of this suit, February 12, 1890; and that during all of said time she acquiesced in said partition, and on November 11, 1889, joined by her daughter, appellant Cora E. Williams, and her husband, N. B. Williams, brought suit in the District Court of Johnson County, against Elizabeth A. Gatewood and husband, to recover 255 acres of the 575 acres set apart to said Cora by said commissioners in said partition, claiming her life-estate therein as the surviving widow of Leonidas Edwards, deceased.

8. That the 283½ acres of land in controversy in this suit is claimed and held by appellees through mesne conveyances from and under said James L. Farquhar, and is a part of the north half of said league set apart to him in said partition.

*Conclusions of Law.*—1. At the death of Thomas F. Edwards, the certificate was community property between him and his wife, Esther, and his undivided half descended to his children.

2. It does not appear when the original contract for the location of the land was made; but it does appear that James L. Farquhar became the assignee of the original contractor for said location, and on August 15, 1851, the surviving widow, joined by one of the heirs, executed to said Farquhar a warranty deed for an undivided one-half of the league, in consideration of his services in selecting, locating, and patenting the tract. At that time Mrs. Esther Cummings (formerly Mrs. Edwards) and her daughter, Mrs. Virginia Hurst (now appellant Virginia Lemonds), unquestionably owned two-thirds of the entire tract, and a conveyance of an undivided interest of 2300 acres was valid and binding, and fixed title in Farquhar for that much of the land, whatever might be the interest left in the grantors, and whatever might be the equities between these and the other heirs of Thomas F. Edwards, deceased, who did not join in the conveyance.

3. At the time of the agreed partition of the entire tract, July 12, 1856, between James L. Farquhar and said Esther and Virginia (who were joined by their husbands), Marcus C. Edwards having died without issue, and Leonidas Edwards having died leaving his widow (now appellant Mrs. Sanders) and his daughter Cora (now appellant, Mrs. Williams), the said Esther and Virginia, together, owned in the entire tract (after taking out the undivided interest of 2300 acres conveyed to James L. Farquhar by them, even if all of that should be charged to them), about 1340 acres; but if the locative interest should be taken out of the interests of all of the heirs, they would have together about 1725 acres.

Appellants Cora Williams and her mother, Mrs. Sanders, not having joined in the partition, even though their portion was set apart to them of equal quantity and value, would not be bound by it, unless they subsequently accepted it and ratified the partition. There can be no question that the 2300 acres partitioned to James L. Farquhar was fully ratified by all of the heirs; and after their long acquiescence therein, and acceptance and appropriation to their own use of the portion set apart to them, as well as the portion set apart to the widow after her death, they can not be allowed, after this great lapse of time, to set it aside. Wilson v. Helms, 59 Texas, 680; Wardlow v. Miller, 69 Texas, 395; Stone v. Ellis, 69 Texas, 329; Connor v. Huff, 48 Texas, 364.

They not only accepted and ratified the partition, but after the death of the widow they took possession of the 1150 acres set apart to her, and, with her other heirs, appropriated it to their own use. If appellants Cora Williams and Mrs. Sanders did not desire to ratify the partition as made, giving the widow so large an interest in the south half, after setting apart the north half of Farquhar, they could have settled the matter by a repartition of the entire tract, or by an equitable distribution of the south half among themselves, so as to have charged the interest of the widow and the interest of Virginia with 2300 acres deeded and partitioned to Farquhar; but to allow them now to be heard in an action of trespass to try title for a small portion of the north half, after such acquiescence and acts of estoppel, when they themselves have rendered it impossible to do equity, would be equivalent to a fraud. Even a sale by one tenant in common of a distinct part of a larger tract of land will be protected, and the part so sold set apart to the vendor, where it does not exceed the share to which the cotenant vendor was entitled, and the equities among the tenants in common should be adjusted out of the remainder of the tract, if it can be done. Peak v. Swindle, 68 Texas, 253; Arnold v. Cauble, 49 Texas, 527.

In the last named case, where the widow, after the death of her husband, sold off the south half of a community tract of land by metes and bounds, and afterwards sold off the north half, the court held, that in a proceeding by the heirs for partition, it was proper to set off, as the widow's share, the south half which was first deeded by her.

We have carefully examined all the assignments in the able and exhaustive brief of appellants' counsel, and finding no material error, and the justice of the case having been reached by the judgment below, it is affirmed.

*Affirmed.*

Delivered November 29, 1893.