## WALLING et al. v. HARENDT et al.
## No. 815.

Court of Civil Appeals of Texas. Eastland.
March 6, 1931.

Rehearing Denied April 10, 1931.

heirs of Mrs. Betty Harendt, and through the latter and her mother, Mrs. Ada Simpson, as heirs of Dr. J. H. Walling, brought this suit against J. R. Walling, Jr., Mrs. Tessie May Walling, a widow, Phillips Petroleum Company, Marland Production Company, and the Marland Oil Company of Texas, to cancel a certain deed and to recover a one thirty-sixth undivided interest in a 320-acre tract of land in Jones county. The deed sought to be canceled was dated April 26, 1917, and upon its face purported to be a conveyance by Betty Harendt, joined by her husband, Carl Harendt, and by other parties of the grantors' interests in said 320-acre tract of land, to Mrs. M. E. Walling, defendants' grantor. The insanity of Betty Harendt (not previously adjudicated) was alleged as a ground for cancellation. Plaintiffs alleged, as an.offer to do equity, their willingness to repay the consideration received by Betty Harendt for making the conveyance, together with legal interest thereon from its date until final determination of the cause, such amount to be credited upon the amount also sought to be recovered for the alleged conversion by the defendants of oil produced from the land. The defendants' pleadings alleged, among other things, that the deed sought to be canceled was made as a part of a partition proceeding between Mrs. M. E. Walling, the surviving widow of Dr. J. H. Walling, and the other heirs of said J. H. Walling, and that, as a part of such partition proceeding, said Mrs. M. E. Walling deeded to the other heirs, including Betty Harendt, land belonging to said estate situated in Fisher county. A jury to whom the issues were submitted found that Betty Harendt was mentally incompetent at the time she joined in the execution of the deed to Mrs. M. E. Walling, and at the time when subsequently she, joined by her husband, conveyed the Fisher county land to J. W. Simpson, and at all times until her death, but further found that, in the division of the J. H. Walling estate the heirs, other than the widow, Mrs. M. E. Walling, received property of equal value with said Mrs. M. E. Walling. The court gave plaintiffs judgment canceling the deed in so far as it affected two-thirds of one thirty-sixth interest in the land, establishing plaintiffs' title to such interest, and admitting them into the possession thereof. There was also adjudged to plaintiffs the sum of $382.95, representing the value of oil found to have been converted by the defendants, less the sum of $791.10, the amount of the consideration, with interest, which the court found that Betty Harendt had received for executing the deed so canceled. The limitation of the recovery to two-thirds of one thirty-sixth seems to have been upon the theory that Carl Harendt, the husband of Betty Harendt, by his warranty deed conveyed, by

W. B. Ferrell, of Roby, Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, T. L. Dyer, of Breckenridge, and Burney Braly, of Fort Worth, for appellants.

Thomas & Shapard, of Anson, and John D. Abney, of Hillsboro, for appellees.

FUNDERBURK, J.

Ruth Harendt, Robert Harendt, Leona Harendt, and Beatrice Harendt, minors, as

estoppel, his after-acquired title, evidently assumed to be one-third of the one thirty-sixth. The defendants have appealed.

The record in this case very clearly shows that appellees sought to cancel the deed and recover the undivided one thirty-sixth interest in the land upon·the theory that such interest in the land had been conveyed by Betty Harendt, a non compos mentis, to Mrs. M. E. Walling, and that the consideration for such conveyance was the conveyance to Betty Harendt by Mrs. M. E. Walling of an interest in the land situated in Fisher county. It was evidently assumed that the cancellation of said deed, in so far as it covered the one thirty-sixth interest, would have the effect of revesting that interest in appellees as the heirs of their mother.

If, upon that theory, appellees had a right of action, then the judgment is in the main, if not altogether, supported by the principles and authorities relied upon by them in answer to the assignments and propositions urged by appellants upon this appeal. If, in fact, by the deed sought to be canceled, Betty Harendt had conveyed to Mrs. M. E. Walling a one thirty-sixth interest in the Jones county land, the consideration for which being the conveyance by the latter to her of an interest in the Fisher county lands, and at the same time the grantor in the first mentioned deed was mentally incompetent, the appellees undoubtedly had the right, upon tendering back the consideration, to have a cancellation of the conveyance. With the conveyance canceled, there would have been no obstacle to the recovery of the interest sued for, at least to the extent the judgment awarded recovery. In fact, a prima facie right of recovery would not have included a tender of the consideration. The obligation to repay all or a part of the consideration was dependent upon whether or not plaintiffs' mother had same or had been benefited to an ascertainable extent, the burden of pleading and proof to show which would have been upon the defendants. Williams v. Sapieha, 94 Tex. 430, 61 S. W. 115. The continued insanity of Mrs. Harendt would have prevented the operation of an estoppel to avoid the conveyance.

■■ The undisputed evidence, however, conclusively established the fact that the deed was given to effect a partition of lands by the joint owners thereof. The establishment of that fact produced important consequences. It conclusively showed that the deed sought to be canceled was not in any true sense a conveyance of an interest in land from Betty Harendt to Mrs. M. E. Walling, and that the consideration for same was not the conveyance by the latter of an interest in the land in Fisher county. "A partition between joint owners does not confer title upon either, but has the effect only to dissolve the tenancy in common, and leave the title as it was before, except to locate such rights as the parties may have, respectively, in the distinct parts of the premises, and to extinguish such rights in all other portions of that property." Chace v. Gregg, 88 Tex. 552, 32 S. W. 520, 522; Davis v. Agnew, 67 Tex. 206, 2 S. W. 43, 376; Arnold v. Cauble, 49 Tex. 535. The effect of a partition is believed to be the same whether it be accomplished by parol agreement; by a deed purporting to partition; by warranty deeds reciting money considerations; or by a judgment in a partition suit. In Davis v. Agnew, supra, the Supreme Court quotes with express approval Dawson v. Lawrence, 13 Ohio, 546, 42 Am. Dec. 210, to show that such is the effect of warranty deeds between cotenants such as involved in this case. In Aycock v. Kimbrough, 71 Tex. 333. 12 S. W. 71, 72, 10 Am. St. Rep. 745, a parol partition was referred to as "being a division, but in no sense a conveyance, of lands." It logically follows that cancellation of a partition deed would not revest appellees with any title to the land. It is also certainly true that, if the deed of Mrs. M. E. Walling conveyed no land to Mrs. Harendt, which it did not, being a partition deed, it could not have been the consideration for the other deed. On the contrary, the transaction being merely a partition, the only consideration for each of the deeds was the advantage or supposed advantage accruing to each of the tenants in common of holding his or her interest in severalty.

The partition was not void, but at most only voidable. Williams v. Sapieha, supra; Mitchell v. Inman (Tex. Civ. App.) 156 S. W. 290; Hancock v. Haile (Tex. Civ. App.) 171 S. W. 1053; Smith v. Thornhill (Tex. Com. App.) 25 S.W.(2d) 597.

■■ Until avoided, it stands as an effectual bar against any right in the heirs of Betty Harendt to recover any interest in the land in controversy. It is apparent that appellees have not, at least in any effective way, sought to avoid the partition. Their pleadings mentioned no partition. Had the fact appeared from the allegations in their pleading that the deed in question was given only to effect a partition, it is doubtful if the petition would have stated a cause of action. But, if the pleading, in so far as it sought cancellation of the deed, could by liberal interpretation be construed as seeking a cancellation of the partition, it could not be made to serve that.purpose because of the absence of necessary parties to authorize the court to make a valid and binding decree to that effect. As .already said, the partition that was shown to have been made was (apart from any question of Mrs. Harendt's disability) no different as to the rules of law governing same than if it had been made by a court of competent jurisdiction. For the court to have had authority to make an effective partition,

all joint tenants or persons having an interest in the lands were necessary parties. As said by the Supreme Court in De La Vega v. League, 64 Tex. 212: "It is a principle of equity that it will not make a decree when it is apparent that it cannot definitely settle the rights of the parties or make a final disposition of the subject of litigation. * * * In suits for partition this doctrine is enforced with great stringency. If all parties entitled to an interest in the property to be partitioned are not before the court, a decree will not be rendered." In applying this principle, the Supreme Court held that, upon an appeal of a partition suit, although the awarding of a particular tract to one joint tenant was not complained of, yet, because the judgment awarding other lands to other joint tenants was required to be reversed, the entire case must be reversed. Kremer v. Haynie, 67 Tex. 450, 3 S. W. 676. Likewise, it seems to us if a partition is not voidable, but must be avoided, if at all, by a suit for that purpose, it is necessary, in order to make the decree effective, that all parties to the partition, or their successors in interest, must be made parties. If one party to the partition be released, the effect will be to again make him a tenant in common, having his undivided interest in all the lands. As such tenant in common, subject to certain equitable limitations, he would have the right to enforce a repartition. The release of one from the partition therefore releases all, since the only purpose of the partition—the ownership by each in severalty—is thereby defeated.

■ The record shows that the interest which Mrs. Harendt received in the partition was later conveyed by her, with the joinder of her husband, to J. W. Simpson. That conveyance, if valid, leaves the appellees without any interest in the lands involved in the partition. If it be granted that Mrs. Harendt was at all times mentally incompetent to make the partition agreement, it does not follow that her heirs can set aside the partition if they have no interest in the matter. Aycock v. Kimbrough, 71 Tex. 333, 12 S. W. 71, 10 Am. St. Rep. 745. If the partition be dissolved, J. W. Simpson or his assigns would become the tenant in common as succeeding to the interest of appellees' mother. It is plain, therefore, that, under the facts disclosed by the record, if the suit is to be considered as seeking a dissolution of the partition, or if, before another trial by amendment, it is certainly made such, it will be necessary, first or simultaneously, to procure a cancellation of the deed to Simpson. The conveyance to Simpson, like the partition, is at most voidable, and not void. Until avoided, it constitutes an effective bar to the right of appellees to avoid the partition simply because of the want of their interest in the subject-matter.

■ We are also inclined to the view that, if the appellees can show a right to set aside the partition, Carl Harendt, the surviving husband of Betty Harendt, will be a necessary party. By his joinder with his wife in the deed sought to be canceled, he conveyed no after-acquired title by estoppel. As already pointed out, that deed conveyed no title, and a warranty does not purport to assure any other title than the one attempted to be conveyed. In a partition, therefore, it cannot be made to operate as a conveyance by estoppel of an after-acquired title. Davis v. Agnew, supra. We doubt if the fact that estoppel may operate against him by virtue of the warranty in the deed to Simpson—that that fact, as a matter of law, eliminates him as a necessary party.

■ If the suit proceeds as one to avoid the partition, another principle should be borne in mind. That is the right of a purchaser of a specific tract from a tenant in common to have such tract set aside to him upon a subsequent partition, if the interest of the other tenants in common may equitably be set aside to them out of other portions of the land. Peak v. Swindle, 68 Tex. 253, 4 S. W. 478; Lasater v. Ramirez (Tex. Com. App.) 212 S. W. 935; Thompson v. Robinson (Tex. Civ. App.) 56 S. W. 578; Lemonds v. Stratton, 5 Tex. Civ. App. 403, 24 S. W. 370; Arnold v. Cauble, 49 Tex. 527.

Even if the partition be dissolved, before appellees can disturb the exclusive possession of appellants who are purchasers through one tenant in common, it will be necessary to establish that appellees cannot equitably have their interests set apart to them out of the Fisher county land.

We cannot sustain appellants' proposition that there was no probative evidence sufficient to support the finding that Betty Harendt was incapable of understanding the nature and effect of her action in executing the deed in question.

■ The only other question presented which is not disposed of or rendered immaterial by the conclusions already stated, and which, because it would probably arise upon another trial, should be determined, is that involving the correctness of the trial court's action in sustaining an exception to appellants' plea of res adjudicata based upon a part of the verdict of the jury upon a former trial of the case. At said previous trial three issues were submitted to a jury. Issue No. 1 called for a finding as to Betty Harendt's mental competency at the time of the execution of the deed in question. No. 2 was with reference to her mental competency on January 20, 1920, when, joined by her husband, she executed the deed to J. W. Simpson. Issue No. 3 called for a finding as to whether Betty Harendt was of sound mind any time

between September 1S, 1919, and April 24, 1923. The jury was directed that, if they answered No. 1 in the affirmative, it was unnecessary to answer the others. They failed to agree upon an answer to No. 1, but answered 2 and 3 in the affirmative. Appellees made a motion for judgment in their favor upon the verdict of the jury, which the court overruled, and in its order, among other things, recited: " * * * The verdict of the jury as returned, they not having answered all the questions, is a nullity and forms no basis for the entering of any judgment whatever in this case. * * * that there was a mis-trial. * * * that the case stands on the docket for another trial the same as if there had been no trial in this case." The order further recited that defendants excepted and gave notice of appeal. On the same day the court overruled a motion of appellees to set aside the verdict of the jury on the ground that same did not authorize a verdict for the appellants, and in the order recited that the court "declines to make any order whatever with reference to the verdict of the jury." The proper construction of the court's action, as reflected by the two orders, would seem to be that it was the opinion and judgment of the court that no judgment could be rendered at all because of the failure of the jury to answer special issue No. 1. It was the theory of appellants, of course, that the answers to special issues Nos. 2 and 3 rendered any finding on No. 1 immaterial, and entitled them to judgment. This question we do not find it necessary to determine. If it be granted that the court should have rendered judgment for defendants, it does not follow, we think, that the verdict became res adjudicata in the subsequent trial of the case. Whatever uncertainty may be reflected in the orders, it seems clear enough that the court adjudged that the verdict was insufficient to support a judgment. If that judgment was wrong, appellants were under the necessity of avoiding its consequences. They were not without legal remedy if, as a matter of law, it was wrong. In fact, they had an election of remedies. They could, by mandamus, compel the rendition of judgment. Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S. W. 296. Or they could abide that judgment and have a retrial of all the issues in the case. The record unmistakably reflects appellants' election to do the latter. That action, in our opinion, was a waiver of any right to have the former verdict made determinative of any of the issues upon the retrial of the case. To permit the former verdict to have such effect would be to permit appellants, after foregoing a certain and sure remedy to avoid the erroneous order, to have precisely the same relief against said order as though it never existed, and at the same time deprive the adverse party of any opportunity by ap-

peal or otherwise to revise any errors that may have existed to their prejudice back of the former verdict.

It being our opinion that the judgment of the trial court should be . reversed and remanded, it is accordingly so ordered.