**MERRIWEATHER et al. v. JACKSON et al.**

**No. 7538.**

Court of Civil Appeals of Texas. Austin.
March 25, 1931.

C. F. Richards, of Lockhart, and Hart & Patterson, of Austin, for appellants.

Nye H. Clark and E. B. Coopwood, both of Lockhart, for appellees.

McCLENDON, C. J.

This suit involves the title to a 5-acre tract out of a 162-acre tract of land in Caldwell county. Appellees, who claim under a general warranty deed, executed by Mrs. Mattie Merriweather, one of the appellants, May 20, 1903, sued appellants, Mrs. Merriweather and her two daughters, in trespass to try title, and in the alternative alleged that, if the interest of the daughters did not pass by their mother's deed (a question we find it unnecessary to decide), such interest was less in value than that of their mother in the remaining 157 acres, and claimed the right to have the entire title to the 5 acres set aside to them, under the equitable doctrine that the daughters had the right of reimbursement out of their mother's interest in the 157 acres. Appellees also alleged that the daughters had ratified their mother's deed.

From a judgment upon a directed verdict in favor of appellees, Mrs. Merriweather and her daughters have appealed.

While a number of questions are raised in the appeal, we have reached the conclusion that the trial court's judgment should be affirmed upon appellees' above alternative pleas.

We give briefly what the record shows pertinent to these issues:

John W. Merriweather acquired the land in 1868, prior to his marriage with Mrs. Merriweather. He died in 1884, and by his will he devised all of his property to his wife and three daughters. Mrs. Merriweather was made independent executrix of his will.

On May 20, 1903, Mrs. Merriweather executed a general warranty deed conveying the five acres to Luling Oil & Development Company. Appellees hold under this deed by regular chain of title. At the time this deed was executed the three daughters were aged, respectively, 21, 20, and 18 years; the youngest daughter died in 1916, and, as stated, her interest passed to her mother and sisters. The deed made no mention of the will and was merely signed, "Mrs. Mattie Pickens Merriweather."

At the time this deed was executed it was supposed that the land was oil bearing, and it was expected to be developed. Whatever developments, however, were had at that time were unsuccessful.

In 1928, oil was discovered in the vicinity, and Mrs. Merriweather and her two daughters joined in mineral leases, whereby the entire mineral title of Mrs. Merriweather and her two daughters to the 157 acres was conveyed to the several grantees. The two daughters were cognizant of the 1903 deed at the time it was executed, and have known of it ever since, and referred to it in the several oil leases in which they joined, describing the remainder of the 162-acre tract as "containing 157 acres after deducting 5 acres off northeast end of tract to Luling Oil Company." At the time of the conveyance to the Luling Oil Company, the entire tract was supposed to contain 149 acres, upon which amount Mrs. Merriweather paid taxes up to that time. Thereafter, and until 1927, she assessed 144 acres. From 1927 on she assessed 157 acres.

Extensive mineral developments have been made upon various portions of the 162 acres; on the 5-acre tract under mineral leases executed by appellees, and on the 157-acre tract under mineral leases executed by all the appellants jointly with the above recitation as to the 5-acre tract.

The undisputed evidence shows that both as to surface and mineral rights the interest of Mrs. Merriweather (⅞) in the 157-acre tract is largely in excess of her two daughters' interest (⅝) in the 5-acre tract.

While it seems universally held that one tenant in common cannot prejudice the rights of his cotenants by conveying the entire title in a specific portion of the common property, this rule is subject to the limitation in this state that such conveyance will be upheld in equity, and the vendee's right to the specific land will be sustained when the circumstances render this course equitable. This principle appears to have been first announced in an able opinion by Chief Justice Roberts (Arnold v. Cauble, 49 Tex. 527), and has been repeatedly and uniformly followed. Glasscock v. Hughes, 55 Tex. 461; Osborn v. Osborn, 62 Tex. 495; Furrh v. Winston, 66 Tex. 521, 1 S. W. 527; Cameron v. Thurmond, 56 Tex. 22; Talkin v. Anderson (Tex. Sup.) 19 S. W. 350; Thompson v. Robinson (Tex. Civ. App.) 56 S. W. 578; Peak v. Swindle, 68 Tex. 242, 4 S. W. 478; Lemonds v. Stratton, 5 Tex. Civ. App. 403, 24 S. W. 370, 371; Beale's Heirs v. Johnson, 45 Tex. Civ. App. 119, 99 S. W. 1045 (error refused).

Under a proper application of the principles announced in these decisions to the uncontroverted facts of this case, namely, that Mrs. Merriweather executed a general warranty deed attempting to convey the entire title to the 5 acres, that her two daughters were then and have ever since been cognizant of the execution of said deed, that appellees have

made valuable improvements upon the 5 acres, that the mother's interest in the 157 acres is more than sufficient to cover her daughters' interest in the 5 acres, that with this knowledge and under these circumstances they joined with their mother in mineral deeds or leases covering the entire mineral title in the 157 acres, thereby participating to that extent in alienating the interest of their mother in the 157 acres out of which they had the equitable right of reimbursement, and by instruments which referred to their mother's previous conveyance, the trial court properly awarded the entire title in the 5 acres to appellees. We think it immaterial whether this holding be rested upon the doctrine of estoppel or upon that of ratification.

The trial court's judgment is affirmed.

Affirmed.