Whitsett v. Wamack.

WHITSETT v. WAMACK et al., Appellants.

Division One, December 11, 1900.

1. **Partition:** STATUTES: EFFECT ON TITLE. The rights and interests of parties in real estate are not determined by our partition statute. That statute only affords a procedure by which those rights as they exist under the general law may be ascertained and partition made with reference thereto.

2. **Voluntary Partition:** DEED TO HUSBAND AND WIFE: TITLE CONVEYED: RECORD. A deed of release or quitclaim made by two coparceners to a third and her husband, in an effort at voluntary partition of their jointly inherited estate, conveys no title to him. And the grantee in a subsequent deed by the husband can not assert title to the land or any part of it as against her heirs, but such deed conveys only the husband's curtesy. And this is the law although the partition deed was of record, and all the notice the grantee had that the husband had paid no consideration therefor was such only as the record gave him.

Appeal from Jasper Circuit Court.—*Hon. Joseph D. Perkins,* Judge.

REVERSED AND REMANDED.

*McReynolds & Halliburton* for appellants.

(1) The deed from Mrs. Wamack's brothers to her and her husband, partitioning said land, did not convey title to

them but simply defined the boundaries of her land, the title of which she acquired from her father.    Dawson v. Lawrence, 42 Am. Dec. 210, and authorities cited in note thereto; Harrision v. Ray, 23 Am. State Rep. 57; Bumgardner v. Edwards, 85 Ind. 117; 17 Am. and Eng. Ency. of Law, p. 663, n. 1; Dexter v. Billings (Pa.), 1 Cent. 210; Gullett v. Miller, (Ind.), 3 West 695.    (2)  The most that can be claimed by plaintiff of the deed to Mrs. Wamack and her husband in this case, is, that it made him a trustee for his wife and gave him a beneficial interest for any sum he may have paid for difference in value (none paid in this case.)   Weeks v. Haas, 39 Am. Dec. 39, and note; Davis v. Agnew (Tex.), 2 S. W. Rep. 376; Aycock v. Kimbrough (Tex.), 21 S. W. 71.    (3)  The deeds in partition created no new title. Each had precisely the same title which he or she previously had.    Their joint possession was converted into a several possession.    Dresher v. Allentown Water Co. (Penn.), 60 Am. Dec. 150; McBain v. McBain (Ohio), 86 Am. Dec. 478; Grisby v. Peak (Tex.), 2 Am. State Rep. 497; Dexter v. Billings (Pa.), 1 Cent. 210; Gullett v. Miller (Ind.), 3 West, 695; Hart v. Steedman, 98 Mo. 452.    (4) Defendants are not and neither could their mother have been estopped to deny plaintiff's title to the land.    Johnson v. Duer, 115 Mo. 366; Leete v. State Bank, 115 Mo. 204.    (5) Mrs. Wamack had no power directly or indirectly to charge or dispose of her estate in any manner other than that provided by statute. Shaffer v. Kugler, 107 Mo. 58; Richardson v. De Giverville, 107 Mo. 422.    (6)  The deed to Mrs. Wamack and her husband J. G., being properly acknowledged and recorded, and showing that it was without money consideration, and made in partition of her deceased father's estate gave notice to plaintiff of its contents and was notice that J. G. Wamack had only a life estate in the land.    Durette v. Briggs, 47 Mo. 356;

Tydings v. Pitcher, 82 Mo. 379; Major v. Buckley, 57 Mo. 229; McClurg v. Phillips, 57 Mo. 214.

*E. O. Brown* and *Geo. P. Whitsett* for respondent.

(1) The deed to Frances R. and her husband, operated to vest in the latter as tenants by the entirety the legal title in fee to the premises thereby conveyed, the title vesting in them as by purchase, they having taken *per tout, et non per my,* and the survivor, James G. Wamack, took the whole. The rule contended for by the appellants that no new title was created thereby does not apply to deliberate conveyances of the parties by actual deeds as in the case at bar. Bank v. Wallace, 45 Ohio St. 152; Hersheiezer v. Florence, 39 Ohio St. 516; R. S. 1889, sec. 8844; Hall v. Stephens, 65 Mo. 676; Russell v. Russell, 122 Mo. 235; Garner v. Jones, 52 Mo. 68; Baker v. Lorillard, 4 N. Y. 257; Knapp on Partition, p. 476; Bompart v. Roderman, 24 Mo. 399; Eaton v. Tollmadge, 24 Wis. 222; McCleary v. McCorkle (Tenn.), 54 S. W. 53. (2) Formerly partition merely meant that one tenant in common should use the entire tract for a certain portion of time, and the other tenant in common for a like portion of time; consequently under such partition no new title passed, but under our statute, and the constructions placed thereon by this court, partition of land is a proceeding in which the title is necessarily involved and may be divested or vested, as the case may be. R. S. 1889, secs. 7136, 7145, 7148; Hart v. Steedman, 98 Mo. 456; Benoist v. Thomas, 121 Mo. 666; Forder v. Davis, 38 Mo. 107; Sutton v. Porter, 119 Mo. 100; Jones on Real Prop., secs. 1744-1799. (3) While a different rule may be recognized in other jurisdictions, in Missouri partition is a mode of acquiring and conferring title. In other words, a decree in partition insures to the acceptant the title of his

co-heirs, whatever that may be. Manifestly then the same effect in conferring title would be accomplished by the parties themselves by means of mutual deeds.

BRACE, P. J.—In the year 1859, one Reuben H. Scott died intestate seized in fee of the southeast quarter of section 34, and thirty-six acres of the northeast quarter of the southwest quarter of section 36 in township 28, range 32, in Jasper county, Missouri, leaving him surviving, three children, William M., Allen Thomas and Frances R., his only heirs at law. Afterwards, in the year 1878, the said Frances R. intermarried with the defendant J. G. Wamack. Afterwards, on the 7th day of February, 1879, the said William M., Allen Thomas and Frances R., made a voluntary partition of the real estate aforesaid so inherited by them from their father, by means of three deeds of that date, of one of which the following is a copy:

"This Indenture, made on the seventh day of February, A. D., one thousand eight hundred and seventy-nine, by and between W. M. Scott and Judy Scott, his wife, and A. F. Scott and M. E. Scott, his wife, heirs of Reuben H. Scott, deceased, of the county of Jasper and State of Missouri, parties of the first part; and Frances R. Wamack and J. G. Wamack her husband, of the county of Jasper, and State of Missouri, parties of the second part, *Witnesseth,* that the said parties of the first part, in consideration of the division of the estate of Reuben H. Scott, deceased, the division of which is hereby acknowledged, do by these presents, remise, release and forever quitclaim unto the said parties of the second part, the following described lots, tracts or parcels of land, lying, being and situate in the county of Jasper and State of Missouri, to-wit: One-third off of the east side of the southeast quarter of section thirty-four, township twenty-eight, range

Vol 159 mo—2

thirty-two, said east lot or parcel to contain fifty-three and one-third acres, more or less. Also twelve acres, more or less, off of the south side of a thirty-six acre tract described as follows: part of the northeast of the southwest quarter, section thirty-six, township twenty-eight, range thirty-two. To Have and To Hold the same, with all the rights, immunities, privileges and appurtenances thereto belonging, unto the said parties of the second part, and their heirs and assigns, forever: so that neither the said parties of the first part, nor their heirs, nor any other person or persons for them or in their names or behalf, shall or will hereafter claim or demand any right or title to the aforesaid premises, or any part thereof, but they and every one of them shall by these presents be excluded and forever barred. *In Witness* whereof, the said parties of the first part have hereunto set their hands and seals, the day and year first above written."

The other two deeds are in precisely the same form, in one of which "Frances R. Wamack and J. G. Wamack her husband and Allen T. Scott and M. E. Scott his wife, heirs of Reuben H. Scott, deceased," are the parties of the first part, and "W. M. Scott and Judy Scott his wife" are the parties of the second part, and the land is described as "one-third off the west side of the southeast quarter of section thirty-four, township twenty-eight, range thirty-two; said west tract or lot to contain fifty-three and one-third acres, more or less. Also twelve acres, more or less, off of the north side of a thirty-six acre tract, described as follows: part of the northeast of southwest quarter, section thirty-six, township twenty-eight, range thirty-two."

In the other, "W. M. Scott and Judy Scott his wife and Frances R. Wamack and J. G. Wamack her husband heirs of Reuben H. Scott, deceased," are the parties of the first part and "Allen T. Scott and M. E. Scott his wife" are the parties

of the second part, and the land is described as "one-third of the southeast quarter of section thirty-four, township twenty-eight, range thirty-two, said third to contain fifty-three and one-third acres, more or less, and situated between the tract of W. M. Scott on the west, and Frances R. Wamack's tract lying on the east. Also twelve acres more or less, of a thirty-six acre tract, described as follows: part of the northeast of the southwest quarter, section thirty-six, township twenty-eight, range thirty-two. Said twelve acre tract is lying and situated between the parcels of land belonging to Frances R. Wamack on the south, and W. M. Scott on the north."

These deeds were all severally acknowledged by the respective parties of the first part and duly recorded among the land records of said county in Book 47, pages 86 to 96, and thereupon each took possession, and thereafter continued to hold their respective shares in severalty. Afterwards, in the year 1883, the said Frances R. Wamack died, leaving her surviving, three minor children by her said husband, viz., Joseph W., Allen T., and Pearl M. Wamack, who are the other defendants in this suit, in which the premises in controversy are the land described in the first of these deeds, quitclaimed as aforesaid to "Frances R. Wamack and J. G. Wamack her husband."

Afterwards, on the first of October, 1884, the said J. G. Wamack executed a deed of trust of that date conveying the premises in controversy to W. E. Brinkerhoff, trustee, to secure the payment of an indebtedness of $350 to Hannah C. Williams, which was duly foreclosed by sale, and the plaintiff Whitsett became the purchaser thereof, received the trustee's deed therefor, dated December 6, 1889, went into possession under the same, and afterwards instituted this suit in partition claiming in his petition that he is the owner of the undivided two-thirds of the premises and that the minor defend-

ants Joseph W., Allen T. and Pearl M. Wamack are each entitled to an undivided one-third of the remainder subject to the interest owned by defendant J. G. Wamack as the same may appear.   To the petition defendant J. G. Wamack made no answer.   The said minor defendants by their guardian *ad litem* J. W. Halliburton, Esq., answered, setting up the title aforesaid, and claiming that the deed aforesaid to Frances R. and J. G. Wamack having been made, as appears upon the face of it, simply for the purpose of making partition of the land which the said Frances R. held in coparcenary with her brothers, and without any consideration from her husband, he acquired no title thereby, and that the only interest acquired by the plaintiff in the premises by his said mesne conveyances from the said J. G. Wamack was his life interest as the husband of the said Frances R. Wamack.

The court below sustained the claim of *the plaintiff*, found that he was the owner in fee of the undivided two-thirds of the premises in controversy, and of an estate in the remaining undivided third for the life of the said J. G. Wamack, and that the minor defendants were each entitled to an undivided one-ninth part of the premises subject to said life estate, and decreed partition accordingly, from which decree the minor defendants by their guardian *ad litem* appeal.

Some parol evidence was introduced on the trial, but as it in no way changed the complexion of the case as shown by the records, and it appeared that the only knowledge plaintiff had of the facts of this voluntary partition was that disclosed by the records, that evidence need not be noticed.

(1)   Counsel for plaintiff in their argument in support of the decree of the circuit court seem to assume that our statute of partition, different in some respects from those of other States, in some way affects the title in question.   But

it is not seen how this can be. The rights and interests of parties in real estate are not thereby declared or determined. By that statute a procedure is simply provided by which those rights as they exist under the general law, may be as-. certained and finally determined and partition be made accordingly. Hence in this case of voluntary partition by deed, in which the effect of the deeds of partition upon the title in question is to be determined by the general law, that statute has no particular bearing. The suggestion that it has, seems to have been made to break the force of certain decisions in other States cited by counsel for the defendants, in which the question at issue has been determined, it being so far as our own adjudications go, *res integra*. Those cases, however, did not turn upon the partition statute of those States, but upon the principle of general law applicable alike to them and the case in hand. It is apparent upon the face of the statement and is not disputed, that this case comes within the rule laid down by Mr. Freeman in his excellent work on Co-Tenancy and Partition (2 Ed.), section 406, that, "When the partition is effected by mutual deeds between the co-tenants, all these deeds must be taken and construed together as one instrument, in the light of all the surrounding circumstances to which they obviously and directly point; for by such circumstances, not only the parties to the deeds, but all persons claiming under them, are bound, it being a general rule of law and of equity that 'when a purchaser can not make out title but by a deed which leads him to another fact, he shall be presumed to have knowledge of that fact.'" [Rountree v. Denson, 59 Wis. 522.]

With this premise we proceed to the consideration of the cases cited, the most recent of which is the case of Harrison v. Ray, 108 N. C. 215, directly in point, in which one

Oakley Harrison, his brothers and sisters having divided the land which they held in common from their father, by deeds of partition as in this case, and the deed of Oakley Harrison's share having been made to him and Juda his wife, and he having died, and Juda having married again, she and her second husband claimed under the deed against the children of the said Oakley. The Supreme Court of that State ruled that no title passed to Juda by the deed, saying, per CLARK, J.: "The deed to Oakley Harrison and wife operated merely as a partition of lands and conveyed no estate to them. The land in controversy was the share of Oakley Harrison in the lands inherited by him and his brothers and sisters. This tract was ascertained to be his share by the consent partition, which was had in lieu of legal proceedings to appoint commissioners to mark it off and assign it. It is not claimed that Juda, the wife, had any interest in the land so that anything should have been assigned her, but it is contended that, by Oakley Harrison's direction, the deed was drawn to him and his wife jointly. Suppose this to be so. The grantors were not conveying any additional estate or interest to Oakley Harrison. He had bought nothing and they were not making him a present of anything. The deed only assigned to him in severalty and by metes and bounds what was already his. The grantors conveyed no part of their shares. They had no interest in the share embraced in the deed to Oakley Harrison, and could convey no interest to him or any one else. It was his by the conveyance from his father. He received no title or estate by virtue of the deed from his brothers and sisters, nor could his wife. His direction to the other heirs (if given) to convey to himself and wife could not have the effect to make the deed a conveyance of anything to his wife when it was not such as to himself. The title being already in him, the deed merely designated his

share by metes and bounds and allotted it to be held in sever-. alty. No title passed by the deed, nor by any of the deeds. 'Partition makes no degree. It only adjusts the different rights of the parties to the possession. Each does not take the allotment by purchase, but is as much seized of it by descent from the common ancestor as of the undivided share before partition.' [Allnatt on Partition, 124.] The deed of partition destroys the unity of possession, and henceforward each holds his share in severalty, but such deed confers no new title or additional estate in the land. [2 Bl. 186.]"

The learned judge further on in his opinion held that the children of Oakley Harrison were not estopped from asserting title by reason of his having caused the deed to be registered; citing Yancey v. Radford, 86 Va. 638. In this State the lands of an intestate descend to his children "in parcenary" (R. S. 1889, sec. 4465), and the following extract from the opinion in the Virginia case cited, is strikingly apposite to the case in hand: "It has been often said that 'partition between co-parceners neither amounts to nor requires an actual conveyance. It is less than a grant. Its operation is not to pass land by a fresh investiture of the *seizin*, for co-parceners are supposed to be already in possession of the whole lands. Partition, therefore, makes no degree; it only adjusts the different rights of the parties to the possession. Each does not take her allotment by purchase, but is as much seized of it by descent from the common ancestor as she was of her undivided share before partition.' [All. Part., 124, 128.] This citation from Allnatt on Partition has been often approved. [1 Lomax, Dig. (2 Ed.), 634; Bolling v. Teel, 76 Va. 493; 2 Min. Inst. (2 Ed.), 439—where the same is cited from Lomax Dig., *supra.*] This deed, standing alone, and all the deeds standing alone, and all the deeds standing together, could affect nothing more."

In another analogous case, Dawson v. Lawrence, 13 Ohio 543, 42 Am. Dec. 210, in which it was ruled that "tenants in common making mutual deeds of bargain, sale and release, expressing nominal considerations, do not thereby acquire or lose any title, but obtain defined boundaries to the land they previously held in common. Such deeds operate as deeds of partition only." The court said, "A simple partition by release, was all the parties meant, as they specified in the recital, and no one is liable to be misled by the nominal money consideration, or the use of the words 'bargain and sale' in this connection. The parties to these deeds lost nothing and acquired nothing, except defined boundaries to the land they previously held in common."

The same effect must certainly be predicated of the deed under which the plaintiff claims in this case in which it appears by its recitals that the only consideration was the partition and the deeds were simply deeds of release. The doctrine thus clearly defined and its application shown in the foregoing authorities, seems to be supported by the general consensus of judicial opinion in the United States. [McBain v. McBain, 15 Ohio St. 337, 86 Am. Dec. 478; Tabler v. Wiseman, 2 Ohio St. 207; Farmers' & Merchants' Nat. Bank v. Wallace, 45 Ohio St. 152; Wade v. Deray, 50 Cal. 376; Avery v. Akins, 74 Ind. 283; Bumgardner v. Edwards, 85 Ind. 117; Elston v. Piggott, 94 Ind. 14; Dexter v. Billings, 110 Pa. St. 135; Weeks v. Haas, 3 Watts & Sergeant, 520; Weiser v. Weiser, 5 Watts, 279; Davis v. Agnew, 67 Texas 206, 2 S. W. 376; Grigsby v. Peak, 68 Texas 235; Freeman on Co-Ten. & Part. (2 Ed.), sec. 396.]

There is nothing in the case in 45 Ohio St. 152, *supra*, relied upon by counsel for plaintiff antagonistic to this doctrine. On the contrary, it is therein distinctly recognized and asserted, though the case is taken out of its operation,

in favor of a subsequent purchaser by the independent valuable money consideration expressed in the registered deed. There is nothing of that kind in this case. The suggestion that there may have been included in the consideration of these partition deeds, a division of the personal property of the ancestor then dead for twenty years, is too fantastical for serious consideration. We have not found in any of the cases cited by counsel for plaintiff, nor in the many others we have examined anything impugning the soundness of the doctrine as stated. While the question is a new one in this State, the trend of judicial opinion seems to be in the same direction, for it has been uniformly recognized here, that even judgments in partition confer no new title. [Hart v. Steedman, 98 Mo. 452; Lindell R. E. Co. v. Lindell, 142 Mo. 61.] And in the opinion of SCOTT, J., in Rector v. Waugh, 17 Mo. loc. cit. 28, occurs the following paragraph: "Preston on Abstracts says, when several persons are tenants in common, the title to each share is to be carried on, precisely in the same manner as if the title to that share was a title to a distant farm. [3 Vol. 48.] Hilliard says, joint tenants and co-parceners may release to each other. In a release of this kind, a fee will pass without words of limitation. The release is deemed in law to hold, not by the release, but by the original limitation to all the parties. The release is not an alienation, but a mere discharge of the claims of one to the other. Hence a fee arises out of the original conveyance."

The only divergence from the doctrine that we have found in the authorities is in Weeks v. Haas, *supra*, in which it was held that, "If partition be made between tenants in common, who are *femes covert*, and mutual releases be executed to the husbands, they do not vest absolute estates in them, but only in trust for their wives. But if such re-

leases do not recite the partition, but a moneyed consideration only, the purchaser without notice would take an absolute estate," and this case is cited by Mr. Freeman in support of the following proposition: "If mutual deeds of partition be made to the husbands of two tenants in common, the estates thereby acquired by the husbands are held in trust for the wives; and if the deeds appear, on their face, to be deeds of partition, no doubt a vendee of one of the husbands would, by force of the notice given by the deeds through which he must claim, be charged with notice of the wife's equity." [Freeman on Co-Ten. & Part. (2 Ed.), sec. 406, p. 523.] On the facts in this case in which the rights and interests of all the parties, whether legal or equitable, will be adjudicated and established, it is not important which phase of the doctrine is applied. In either view, the circuit court should have found that the minor defendants, Joseph W., Allen T. and Pearl M. Wamack, are the owners and entitled absolutely each to an equal undivided one-third of the premises subject only to an estate for the life of their father and co-defendant, J. G. Wamack, of which the plaintiff is the owner, and should have decreed partition accordingly. The judgment of the circuit court is reversed and the cause remanded to be proceeded with in accordance with the views expressed in this opinion. All concur.