## SNYDER et al. v. ELLIOTT, Appellant.

### Division Two, January 9, 1903.

1. **Deed of Married Woman:** DEFECTIVE ACKNOWLEDGMENT: POSSESSION: ESTATE BY ENTIRETY. A deed made in a friendly partition, by married women, inoperative because acknowledged before the mayor of a town who had no statutory authority to take acknowledgments, does not create an estate by entirety in the grantees who are husband and wife, although such grantees are put in possession thereunder.

2. **Deed to Husband and Wife:** VOLUNTARY PARTITION. A deed of release or quit-claim by some coparceners to another and her husband, in an effort at voluntary partition of their jointly-inherited estate, conveys no title to the husband. Such deed can not create an estate by the entirety. It simply designates the part of the joint estate to which the wife, as one of the coparceners, is entitled in her own right in fee simple, her husband having no interest therein except such marital rights as the law vests in him.

3. **Estate Conveyed by Deed in Voluntary Partition.** When coparceners mutually agree to and do voluntarily divide an estate held by them in common, and assign to each his or her share therein, they convey nothing of their own to such coparcener, but merely designate the boundaries in severalty to that which' was already his or her own by descent from the common ancestor.

4. **Limitations:** WIFE'S FEE SIMPLE ESTATE. Where the wife is the fee simple owner by inheritance and a voluntary partition, and dies intestate without any children born of the marriage, the statute does not begin to run in favor of her husband against her heirs at law, until her death; and suit brought within ten years after her death is not barred by limitations.

5. **Improvement of Wife's Lands:** ESTOPPEL. No estoppel can be pleaded by the husband against the heirs at law of his wife who died intestate and without children born of the marriage, on the ground that, during the marriage, he had made valuable improvements thereon. Her heirs had no right to object to such improvements being made during the marriage, and certainly they are not chargeable with estoppel if they in no way induced him to make them.

6. **Ejectment:** TITLE ADMITTED BY ANSWER. Where the answer in ejectment sets up a state of facts which show title in plaintiff, it becomes unnecessary for him to prove his title.

Appeal from Cass Circuit Court.—*Hon. W. W. Wood,* Judge.

AFFIRMED.

*R. T. Railey* for appellant.

(1) Plaintiffs having alleged specifically that they claimed title through Sarah W. Snyder, must be confined in this action to said specific charge, and can not recover upon any other alleged cause of action not

pleaded. Feary v. Railroad, 62 S. W. 457; Bartley v. Railroad, 148 Mo. 139; Chitty v. Railroad, 148 Mo. 74; McCarty v. Hotel Co., 144 Mo. 402; Huston v. Tyler, 140 Mo. 263; McManamee v. Railroad, 135 Mo. 447; Hite v. Railroad, 130 Mo. 136; Waldhier v. Railroad, 71 Mo. 518. There is no evidence in the record tending to show that Sarah W. Snyder ever executed any deed or will in respect to the fifty-seven acres of land in controversy. She died in February, 1874. The will relied on by plaintiffs, conveyed to Sarah W. Snyder a life estate, with power of disposition, and not a fee-simple estate. Hurst v. Von de Veld, 158 Mo. 246; Walton v. Drumtra, 152 Mo. 505; Briant v. Garrison, 150 Mo. 655; Cross v. Hoch, 149 Mo. 338; Cornwell v. Wulff, 148 Mo. 573; Cornwell v. Wulff, 148 Mo. 553; McMillan v. Farrow, 141 Mo. 55; Cornwell v. Orton, 126 Mo. 368; Schorr v. Carter, 120 Mo. 409; Redman v. Barger, 118 Mo. 574; Lewis v. Pitman, 101 Mo. 292; Munro v. Collins, 95 Mo. 36; Harbison v. James, 90 Mo. 424; Bean v. Kenmuir, 86 Mo. 666; Russell v. Eubanks, 84 Mo. 85; Carr v. Dings, 58 Mo. 400; Straat v. Uhrig, 56 Mo. 482; Chiles v. Bartleson, 21 Mo. 344. (2) Under the will of Martin D. Snyder full and plenary power was given Sarah W. Snyder to dispose of the two hundred and eighty acres of land which he left by dividing it as she deemed proper among the lawful heirs of herself and deceased. She likewise had the power to convey to Josephine, Elizabeth, and Henry C. Snyder, each, the respective forty acres taken by them, without even acknowledging a deed therefor. Having conveyed a forty to each of said parties, in full of the respective interest of such parties, her deeds to them respectively passed a good title, whether they were properly acknowledged or not. Harrington v. Fortner, 58 Mo. 473; Wilson v. Kimmel, 109 Mo. 263. Said Josephine, Elizabeth, and Henry C. Snyder, each having received a deed in due form for a separate forty acres of said land, and having receipted in their respective conveyances, to Sarah W. Snyder, and the other heirs, as against any further interest in said real estate, and all

the other heirs having likewise quitclaimed to the parties aforesaid, their interest in the respective forties taken by them, and each of the said parties, to-wit, Josephine, Elizabeth, and Henry C. Snyder, having taken possession of their respective forties, until they were sold or disposed of, each and all of said named parties are estopped from claiming any further interest in said testator's estate, whether the deeds to them, as aforesaid, were properly executed or not.  Cochran v. Thomas, 131 Mo. 277; Fischer v. Siekmann, 125 Mo., 179; Clyburn v. McLaughlin, 106 Mo. 524; McClanahan v. West, 100 Mo. 322.  (3)  If Armelda Elliott had been dissatisfied with the arrangement aforesaid, and had any power to set the same aside after it had been consummated, as aforesaid, then her right to so move accrued in April, 1874.  She then had the right to bring a suit in equity against her husband to cancel said deed and to have her legal rights in respect to the property in controversy restored.  Reed v. Painter, 145 Mo. 341; Darrier v. Darrier, 58 Mo. 222; Walter v. Walter, 48. Mo. 140.  (4)  The statute of limitations having commenced to run in favor of said defendant in April, 1874, gave him a good title to the property in controversy when his wife died in 1888.  Under no circumstances, therefore, could these plaintiffs maintain the present action, as they failed to institute proceedings within three years from the death of Mrs. Elliott. Reed v. Painter, 145 Mo. 342.  Under the general issue defendant had the right to rely on the three-year statute of limitations.  Hedges v. Pollard, 149 Mo. 223; Bird v. Sellers, 113 Mo. 588.

*A. A. Whitsitt* for respondents.

(1)  No estate by the entirety is created by a deed in partition, which by direction of a co-parcener is made to himself and wife, for no title passes by a partition deed, the title is already in the part owner and the partition deed merely designates his share by metes and bounds, and allots it to be held by him in severalty.  The

deed confers no new title or additional estate in lands. It is an estoppel between the part owners to the extent of the shares set apart and allotted in severalty. Jones, Vendors and Purchasers in Conveyancing, sec. 1799; Harrison v. Ray, 108 N. C. 215; Yancey v. Radford, 86 Va. 638; Dooleyey v. Raynes, 86 Va. 644; Taylor v. Birmingham, 29 Pa. St. 306. (2) The rights and interests of parties in real estate are not determined by our partition statute. The statute only affords a procedure by which those rights, as they exist under the general law, may be ascertained and partition made with reference thereto. Whitsett v. Wamack, 159 Mo. 14. (3) At the death of Armelda Elliott, January 1, 1888, her brothers and sisters inherited her property. R. S. 1889, sec. 2100; R. S. 1899, sec. 659; Hunter v. Bank, 158 Mo. 271; Ozark Co. v. Tate, 109 Mo. 265; Bensick v. Cook, 110 Mo. 182; Gregory v. McCormick, 120 Mo. 663; Weil v. Simmons, 66 Mo. 619; Cruchon v. Brown, 57 Mo. 38; Mueller v. Kaessman, 84 Mo. 330; Crispan v. Hannovan, 86 Mo. 169; Lamb v. Railroad, 33 Mo. App. 492. (4) No one is barred by adverse possession unless he has a right of entry. Ramsey v. Otis, 133 Mo. 85; Keith v. Keith, 80 Mo. 125; Smith v. Patterson, 95 Mo. 525. (5) In ejectment, when parties admit a common source of title, it is sufficient for the plaintiff to deduce his title from the common source. Huff v. Morton, 94 Mo. 405. (6) When, in an action of ejectment, the defendant sets up an equitable defense, there is but one issue to be tried, which is that presented by the equitable defense, and which the defendant must establish, or fail in his defense. Schuster v. Schuster, 93 Mo. 438; Ledbetter v. Ledbetter, 88 Mo. 60. The petition in this case is sufficient to entitle the plaintiffs to recover. R. S. 1899, sec. 3058. The facts shown by plaintiffs entitle them to recover. R. S. 1899, sec. 3060.

GANTT, P. J.—This is an action of ejectment in statutory form for certain lands in Cass county, to-wit, the east half of lots 1 and 2 of the northwest quarter of section 2 of township 44, range 31, except a tract of land

conveyed by Joseph D. Campbell and wife to Legal D. Fulton, described by metes and bounds, and containing twenty-three acres and a fraction.   Ouster is laid as of January 1, 1888.   The action was commenced November 11, 1897.

The answer is a general denial, a plea of the statute of limitations, and a special plea that on April 28, 1874, Henry C. Snyder and wife, Frances Fletcher and husband, and Darthula Fulton and husband, in a voluntary partition, sold, partitioned and conveyed to defendant and his then wife, Armelda Elliott, the real estate described in the petition; that said property was conveyed to said defendant Elliott, and his wife Armelda, as tenants by the entirety.   That said Armelda Elliott died about the first day of January, 1888, and defendant as survivor became the owner of said real estate.

The answer further states that on or about July 28, 1856, Joel D. Campbell was the owner in fee simple of said real estate and on said date by deed conveyed said lands to Martin D. Snyder.   That on or about January 7, 1858, said Martin D. Snyder, by his last will, duly recorded in the office of the probate court of said county, devised said lands to Sarah W. Snyder, his wife, for her natural life, and at her death to be disposed of as she might deem proper amongst the lawful heirs of her body by said testator.   That said Martin D. Snyder was therefore the common source of title. That Sarah W. Snyder died in 1874, without having made any disposition of said lands under her power of appointment in said will.   That at his death said Martin D. Snyder left as the children and lawful heirs of his body by his said wife Sarah W. Snyder, Elizabeth N. Moore, Josephine Moore, Armelda Letton, who afterward intermarried with and became the wife of defendant, Ira Elliott, Henry C. Snyder, Darthula Fulton, and Frances M. Fletcher.   That upon receiving said deed in partition the defendant and his wife Armelda entered into possession of the real estate described in the petition under the said conveyance, which was executed April 30, 1874, and recorded in book 16, at page 403,

in the recorder's office of said county, and ever since that date defendant in conjunction with his wife has held the open, notorious, continuous, uninterrupted and adverse possession of said real estate and claimed the same by right of the deed and partition aforesaid, until the death of said Armelda on January 1, 1888; that since said date defendant, as survivor under a claim of right, has been in the open, notorious, continuous, uninterrupted and adverse possession of said real estate, and has made lasting and valuable improvements thereon, with the knowledge of plaintiffs, of the value of $600, and has paid the taxes thereon. The answer then set forth the various partition deeds and averred that by reason thereof the plaintiffs had no interest in the lands sued for.

The reply admits the answer correctly named the heirs; that Martin D. Snyder, and Sarah W. Snyder were the common source of title and they claim through said Sarah Snyder, and denied each and every other allegation in the answer, and prayed judgment as asked in the petition.

The court rendered judgment for plaintiff for thirteen-twentieths of the land described in the petition, and for $100 damages, and assessed the rents at eight dollars per month from rendition of the judgment.

The will of Martin D. Snyder was read in evidence without objection. By that will he gave "his wife Sarah W. Snyder, all his real and personal property, to have and hold during her natural life, and at her death to be disposed as she may deem proper amongst the lawful heirs of her body by me."

The testimony of M. A. Fletcher was to the effect that he married Frances M. Snyder in 1870. She died in November, 1895, and left an only child, Kate L. Patrick, who was born in August, 1871. Elizabeth Moore was dead, but Josephine Moore is still living. Elizabeth Moore died in June, 1875, leaving four children; Frank Moore was one of them.

Mrs. Armelda Elliott, a daughter of Mrs. Sarah W. Snyder, by Martin D. Snyder, died January 1, 1888,

intestate and without issue, and this suit was commenced November 11, 1897. The testator, Martin D. Snyder, left lands in Cass county, Missouri, which under his will passed to his widow, Sarah W. Snyder, for her life with express power in her to dispose of the same as she might deem proper *to the heirs of her body* by said testator begotten.

During her life Mrs. Sarah W. Snyder, in pursuance of her power under the will, conveyed to each of her children, Mrs. Elizabeth Moore, Mrs. Josephine Moore and Henry C. Snyder, lands according to their legal subdivisions, and containing about forty acres of said land, and the other children quitclaimed to each of them the tracts so conveyed to them by their mother. At Mrs. Snyder's death there remained three of her children who had not received any portion of the devised lands, and there remained still about 137 acres undivided. Thereupon in 1874 Mrs. Armelda Elliott and her husband, the defendant herein, Mrs. Darthula Fulton and her husband L. G. Fulton, and Mrs. Frances Fletcher and her husband, the three remaining heirs of Mrs. Snyder, and their husbands, met and entered into a friendly partition in kind of the remaining lands, whereby Mrs. Fletcher received the west half of lot 2 of the northwest quarter of section 2, township 44, range 31, and Mrs. Elliott the land in suit, and Mrs. Fulton 57 acres. Fulton paid Mrs. Elliott two hundred dollars to equalize the two tracts. Quitclaim deeds were made by the several parties to each other, but were acknowledged before F. M. Cummings, the mayor of Harrisonville, Missouri, who had no authority to take and certify acknowledgments, and the deeds for this reason were inoperative, but each of the said daughters and their husbands took actual possession of her allotted share with the knowledge and consent of all the other heirs.

Mrs. Elliott and her husband, the defendant, occupied her portion until her death, without issue, on January 1, 1888, and her husband, the defendant, continued

Vol 171 mo—24.

in possession until this action was brought by the brother, Henry C. Snyder, and two sisters, Mrs. Fletcher and Mrs. Moore, and a son of another deceased sister, and a daughter of another who are heirs at law of Mrs. Elliott. No instructions were asked or given.

I. The learned counsel for defendant does not deny, but concedes that the quitclaim deeds of the other heirs to Mrs. Elliott and her husband, the defendant herein, were inoperative because the acknowledgments of Mrs. Fletcher and Mrs. Moore, who were both married women at the time they were certified and taken by an officer, the mayor of Harrisonville, who had no authority to take the same, but contends that the deeds tend to show to whom the respective parcels were allotted.

In our view of the law it would not affect the rights of the  parties if the deeds had  been in all  respects proper conveyances, as all the evidence, as well that for the defendants as that for the plaintiffs, show that these deeds were only confirmatory of a friendly partition in kind, whereby the land in suit was allotted to Mrs. Elliott as one of the tenants in common as her share of said lands.

Without the deeds it is clear there is no foundation whatever for the assertion that by said partition Mrs. Elliott and her husband, the defendant, became tenants by the entireties, as Mrs. Elliott was entitled in her own right to her share in fee simple, and the defendant was entitled to no part save his marital rights as her husband.

But giving to these inoperative deeds the full effect to which they are entitled, that they show or tend to show to whom the parcels were allotted, the fact that defendant was inserted as a grantee did not vest any title in him. This was determined in Whitsett v. Wamack, 159 Mo. 14, in which Division One unanimously ruled, after an examination of all the authorities in other States and the text-writers on this subject, that a deed of release or quitclaim by two co-parceners to a third and her husband in an effort at voluntary parti-

tion of their jointly-inherited estate conveyed no title to the husband. The same doctrine was again announced in Palmer v. Alexander, 162 Mo. 127.

· But we are asked to reconsider those decisions and to hold that the deed in such a case passes a title to the husband as a tenant by the entirety.

A careful consideration of the reasoning employed in Whitsett v. Wamack, supra, leads us to the same conclusion which was reached in that case. When coparceners mutually agree to and do voluntarily divide an estate held by them in common, and assign to each his or her share therein, it is obvious that they convey nothing of their own to such co-parcener, but merely designate the boundaries in severalty to that which was already his or her own by virtue of the joint deed or by descent from the common ancestor.

Until the partition the several co-parceners own their undivided pro rata share in the whole but when they partition, the lines of each share are then designated, but neither of the other co-parceners conveys any portion of his share to another, but receives his own and all of his share by designated metes and bounds. This is made so clear by the extracts from the decisions, quoted in Whitsett v. Wamack, by the Supreme Court of North Carolina in Harrison v. Ray, 108 N. C. 215, and the numerous other cases cited, that we deem it unnecessary to repeat what has been already so well said.

Those cases have been supplemented by two decisions of the Court of Appeals of Virginia, to-wit, Yancey v. Radford, 86 Va. 638, and Dooley v. Baynes, 86 Va. 644.

In the Yancey case the court says: "It has often been said that partition 'between co-parceners neither amounts to nor requires an actual conveyance. It is less than a grant. Its operation is not to pass the land by a fresh investiture of the *seisin,* for co-parceners are supposed to be already in possession of the whole lands. Partition, therefore, makes no degree; it only adjusts the different rights of the parties to the possession.' "

[Allnat on Partition, 124-128; 1 Lomax Dig. (2 Ed.), 634; 2 Minor's Insts. (2 Ed.), 439.]   See also the recent decision of the Supreme Court of Tennessee in Cottrell v. Griffitts, 57 L. R. A. 332, and note.

Mrs. Elliott did not purchase the land in suit.  It was hers by descent from her father.  It is true, its metes and bounds were not definitely fixed and her share segregated until the amicable partition, but when that was done it only confirmed to her in severalty that which until then she owned and held in common with her brothers and sisters.  Her title to it could only be extinguished by her deed executed and acknowledged according to law, and this was not done by her during her life.

But it was asked on the argument if it was not entirely competent to sell the undivided share of a tenant in common under execution?  Unquestionably it is, and the owner of an undivided share can convey it by voluntary deed, but it must be obvious that a partition is wholly unlike the sale by the owner of the undivided share.  For example, no lawyer will for a moment question that Mrs. Elliott, in her lifetime and prior to the partition, could have conveyed her undivided one-sixth of these lands to one of her co-tenants in common, in the manner prescribed by our laws, and such co-tenant would have become the owner of two-sixths, but when each co-parcener released and quitclaimed or set off, as in this case, without a valid deed to the others, their shares, and they in turn released to her her share, they each had no more after the transaction than they previously had, and neither had any less.  So that neither passed any title to the other, but they all simply confirmed to each other by distinct boundaries that which they already had before but in one common tract.

So that it must be ruled that defendant by this partition did not become a tenant by the entirety with his wife, Mrs. Armelda Elliott, and when she died without children or other descendants the title to the land in suit vested, by operation of law, in her brother and sisters and in the descendants of those who had died,

and plaintiffs are admitted to be a portion of these heirs at law.

Neither are they barred by any statute of limitations. The statute did not begin to run in defendant's favor until the death of his wife, since these plaintiffs did not have any title to her lands until she died without descendants, and her death occurred January 1, 1888, and this suit was brought, as the record shows, in November, 1897, and before ten years had elapsed after her death.

Equally unfounded is the plea of estoppel. Certainly there was none by the deed, which was merely a quitclaim, even if it had been properly acknowledged before an officer authorized to take and certify the acknowledgment. Moreover, during the lifetime of Mrs. Elliott, these plaintiffs had no title or interest in the land in suit. It was hers and she could improve it in any way she saw fit, and if defendant as her husband saw fit to expend his means in improving it, no action thereby accrued to him against her. In no way could he be said to have done these things because of the conduct of these plaintiffs who had no right to challenge anything he or his wife did on said premises.

Only one point remains to be noticed.

In the defendant's answer he alleged that Martin D. Snyder is the common source of title. In their reply plaintiffs admit that Joel D. Campbell was formerly the owner of the lands in controversy, and that he conveyed the same to Martin D. Snyder for value received, and that said Martin D. Snyder on or about January 7, 1858, by his will, conveyed the same to Sarah W. Snyder, and thereby she became the owner in fee simple of said real estate, and that said Martin D. Snyder and Sarah W. Snyder are therefore the common source of title. Plaintiffs claim through said Sarah W. Snyder, and admit the heirs as named in the answer. It is now contended by defendant that as Sarah W. Snyder only took an estate for life under said will, plaintiffs took no title from her, and therefore can not recover as the heirs of their sister and aunt, Mrs. Elliott. The peti-

tion alleges that plaintiffs were entitled to the possession of the lands sued for on the first day of January, 1888. The proofs without objection showed that Mrs. Elliott died January 1, 1888, and left no children or other descendants, and that plaintiffs were her brother and sisters and the children and heirs at law of her deceased sisters. Defendant in his answer admitted his possession and set up an equitable defense by virtue of alleged deeds from these plaintiffs, and prayed for affirmative relief.

The admissions in the reply were obviously made to obviate proof of title back of Martin D. Snyder. The plaintiffs were shown to be the heirs of both Martin and Sarah Snyder, and Armelda Elliott.

The uncontradicted evidence and the answer on its face disclosed that plaintiffs were entitled to the land as the heirs of Mrs. Elliott, but proceeded to set forth his claim in equity based upon the alleged voluntary partition and prayed to have the title decreed in himself. Having by his own pleading shown the legal title in plaintiff, it became wholly unnecessary for plaintiffs to prove their title. The only issue to be tried was that presented by the equitable defense and the reply denying that, and this being determined against defendant, the immaterial and unnecessary allegation as to the devolution of the title prior to its vesting in Mrs. Elliott did not and does not change the real issue submitted and tried. [Schuster v. Schuster, 93 Mo. 438.] The whole record and the evidence preserved, establishes beyond a doubt that plaintiffs claimed on the trial and still assert their right of possession as the heirs at law of Mrs. Elliott, and not otherwise, and the equitable defense was urged to defeat their claim as such, and the allegation of claim through their mother will be disregarded as in no manner affecting the rights of either party. The judgment is affirmed.

*Burgess* and *Fox, JJ.*, concur.