## NORA N. JELLY v. ALBERT LAMAR et al., Appellants.

**Division One, March 29, 1912.**

1. **DOMESTIC PARTITION: Deed to Husband and Wife: Estate by Entirety.** In domestic partition, made by the three daughters who had inherited the land from their father, and their husbands, a deed by two of the daughters and their husbands to another daughter and her husband did not create an estate by the entirety in the grantees, nor did it invest any title at all in the husband, or create any new title. In domestic partition the heir takes, not by deed, but by inheritance from the ancestor, and the heir henceforth holds in severalty, though such heir be a married daughter and the deed is to her and her husband.

2. ——: ——: **Curtesy.** And if the married daughter die leaving children born of the marriage, a deed by her surviving husband conveys only his estate by the curtesy.       '

3. ——: ——: **Assumption of Debt.** Nor did the giving of a new mortgage on the segregated portion of the land, set off to the inheriting daughter and deeded to her and her hus-

band, in an amount equal to her proportionate share of an exist-
ing mortgage and judgment against the whole, relate back to the
partition and create an estate by the entirety. Nor did the pay-
ment of that new mortgage out of the proceeds of a sale of the
land by him after her death establish, or tend to establish, that
he paid a consideration creating him a joint tenant with her.

4. ————: ————: ————: Payment by Husband's Grantee:
Subrogation. Where the inheritance is burdened with a mort-
gage and judgment, and they are prorated among the heirs at
the time of the domestic partition, each takes her share of the
estate with that burden; and though it is removed from one of
the parcels by a new mortgage given by the heir thereto and her
husband, the substance of the debt continues and she must take
it subject to that burden; and if after her death her husband, sup-
posing, because the partition deed named him and her as
grantees, that he was the owner of the entire estate as survivor,
conveys it to another, who in good faith pays the incumbrance,
this last grantee is not a volunteer or intermeddler, but is
entitled to subrogation, and to be reimbursed out of a sale of the
property for the amount of the mortgage, with interest from
.the date of payment.

Appeal from Buchanan Circuit Court.—*Hon. C. A.
Mosman,* Judge.

REVERSED AND REMANDED (*with directions*).

*Duncan & Utz* for appellants.

(1) John D. Noble took a fee to the nineteen
acres in question for the reason that the title of said
premises stood of record in Hania Lamar and William
T. Lamar, her husband. The evidence shows that the
name of William T. Lamar as grantee in the said deed
was placed there with the knowledge and consent of
his wife, Hania Lamar, and further that there was an
indebtedness against the whole eighty acres when
Hiram J. Hurst died, which indebtedness was divided
in four equal parts, and that the husband of Hania
Lamar agreed, in consideration of said partition and
conveyance to himself and wife, to assume and pay
one-fourth of said indebtedness, which would make
him a purchaser for value to that extent. The evi-

dence further shows that he did pay off and discharge said indebtedness. In construing a deed the main guide is the intention of the parties just as in construing a will; and if the wife desired and it was the intention of the parties to the deed to create by their conveyance and estate in entirety in the husband and wife we see no reason why that could not be done and was not done in this case. In other words, "a person *sui juris* has a right to give away his property if he chooses, and courts will not relieve against such a transaction merely because the act was voluntary or for an inadequate consideration." Obst v. Unnerstall, 184 Mo. 338. We are aware that this court in the case of Whitsett v. Wamack, 159 Mo. 14, held that a deed secured in pursuance of an oral agreement of partition apportioning the part of the wife as an heir to the wife and husband, conveys no title to the husband, but we think there is a distinction between the facts in the case and the one at bar. In the Whitsett case there was nothing but a partition agreed upon, and there was nothing to show that she desired the husband to be included as a grantee in the deed or that he assumed any obligation whatever to pay any indebtedness on the land. In the case at bar the evidence shows that the name of the husband of Hania Lamar was put in the deed as a grantee with her special knowledge and consent, and that there was an indebtedness against the place at the time, which he agreed to assume and pay off, and in our judgment that is a sufficient consideration to create him a purchaser for value and to create an estate by the entirety in husband and wife, and thus remove it from the rule in the Whitsett case. (2) Granting that the fee of the premises was in Hania Lamar at the time of her death, and her husband was only entitled to a curtesy interest, and that at the time of the death of Hania Lamar there was an outstanding deed of trust against said premises for $245.41, as shown by the evidence, which in-

debtedness was owing on said premises at the time of partition, and she agreed to assume and pay her share of the indebtedness which was that amount, then defendants contend that it was not the duty of the life tenant to pay the principal of said indebtedness, but only the interest, and in case the life tenant paid the principal of the indebtedness the remainderman would be liable to the life tenant or his grantees for said amount, and if he refused to reimburse the life tenant said life tenant or grantees would have the right to foreclose the lien against the remainderman's interest in said estate. Sec. 66, p. 42, Tiedeman on Real Property; 16 Cyc. 634.

*Allen, Gabbert & Mitchell* for respondent.

(1) A deed made by two coparceners to a third coparcener and her husband, in an effort at voluntary partition of their jointly inherited estate, conveys no title to the husband, and a grantee in a subsequent deed by the husband after the death of the wife cannot assert title to the land as against the wife's heirs, as such deed conveys only the husband's curtesy. Whitsett v. Wamack, 159 Mo. 14; Palmer v. Alexander, 162 Mo. 127; Snyder v. Elliott, 171 Mo. 362; Harrison v. McReynolds, 183 Mo. 533; Sharp v. Stewart, 185 Mo. 518; Clark v. Sires, 193 Mo. 502; Starr v. Bartz, 219 Mo. 47; McMurtry v. Fairly, 194 Mo. 502. And this is so even if the deed in the case at bar was made to the plaintiff and her husband by her direction, as the grantors conveyed no part of their shares, and had no interest in the shares embraced in the deeds to the grantees; it belonged to the wife by inheritance, and the title being already in her, the deed merely designated her share by meets and bounds in order that it might be held in severalty, and was not a grant. Propes v. Propes, 171 Mo. 417; Yancey v. Radford, 86 Va. 638; Harrison v. Ray, 108 N. C. 215. (2) The last conten-

tion of appellant is that the land in controversy should be impressed with a lien in favor of appellant representatives of John D. Noble, deceased, for $245. 1. The evidence does not sustain facts upon which to base such contention, and the trial court so found. 2. Who is demanding that the land be impressed with this lien? William T. Lamar, the surviving husband of Hania and life tenant, is not asking it. So far as he is concerned, this matter is a "closed incident." If he paid off the lien, it is his loss and it is his personal right to recover, if there be such right. The appellant heirs of John D. Noble are the persons who are asking for this lien in this suit. It is certain that neither John D. Noble nor his appellant heirs ever paid any lien that was on this land at the time he bought it. Noble simply paid a purchase price for the deed and title of William T. Lamar and he got what he paid for. There is not the slightest intimation in the record that Noble paid or assumed any lien on the land. On the contrary, it is "clear, cogent and convincing" that he did not pay anything for or on account of the land but the purchase price and that he got the land clear of any such encumbrance. Conceding that Noble thought he was buying a fee simple title, yet respondent cannot be deprived of her rights because of his misunderstanding of the effect of the deed which he received from Lamar.

LAMM, J.—Certain defendants, the children and widow of John D. Noble (the latter dying intestate pending this suit), appealed from a decree in equitable partition. Defendants Albert and Charles Lamar and plaintiff are children of Hania Lamar, deceased, and William Lamar. Plaintiff and defendants Albert and Charles are on the same side of this controversy, hence the last two do not appeal.

Fetching a small compass about it, the controversy is this: Hiram J. Hurst died about 1880, in-

testate, seized of eighty acres of land, leaving his widow, Henrietta, and three married daughters, Launrana Noble, Sarah E. Blackstun and Hania Lamar. Launrana was the wife and is now the widow of said John D. Noble. This land was encumbered with a mortgage and there were several judgments against Hiram J. Hurst. We infer all were liens on the land. Presently (all the husbands taking part, including Noble) there was a domestic partition between Henrietta and her three married daughters. By that partition Hania Lamar was allotted nineteen acres of the eighty and this suit relates to her parcel. Presently they made conveyances to each other in consummation of this domestic partition. The partition deed instead of running to Hania Lamar purported to convey her allotment to "William Lamar and Hania Lamar his wife." There are record indications that the partition deeds to the other married daughters were also conveyances of this sort. The Lamars took possession of Hania's parcel; and, in 1902 or 1903, Hania Lamar died intestate, leaving her husband William surviving and several young children, to-wit, the plaintiff Nora (now married to Jelly) and the defendants Albert and Charles Lamar. In 1904 William, the surviving husband of Hania Lamar, assumed to convey the land in question to his brother-in-law, John D. Noble, by a general warranty deed. Since that time and up to his death, after the institution of this suit, Noble held possession. Since his death his children and widow hold possession. The husband of Hania Lamar, said William, is yet alive.

The Nobles contend, among other things, that their ancestor, John D., got title in fee by said conveyance of William Lamar and that they take by inheritance from him. *Contra*, the Lamar children claim that nothing but a life estate passed by that deed. Such is one of the issues.

242 Sup.—4

The decree was out and out in favor of the Lamar children and took no note of an encumbrance, presently mentioned. The land was partitioned between the three, share and share alike, and was ordered sold subject, however, to the life estate of William Lamar as tenant by the curtesy. The court further decreed that said life estate passed to John D. Noble and now rests vested in his widow and children.

Under the facts of this record the partition deed vested no title at all in William Lamar. Such deed confers no new title. In domestic partition, the rule is that each heir takes (not by the deed, but) by inheritance from the ancestor. Such deed merely severs and adjusts the right to possession. It confers no new or additional estate. Its effect is that henceforward each heir holds his share in severalty—the title being already in him by descent cast. Such was the common law, and such is the doctrine in this jurisdiction. Partition deeds are read in the light of the surrounding circumstances and the purpose in view and all taking part therein take with notice that no heir loses or gains any title. [Whitsett v. Wamack, 159 Mo. 14; Palmer v. Alexander, 162 Mo. 127; Starr v. Bartz, 219 Mo. 47.]

It results that an entirety of estate was not created by the partition deed, and that William did not take as survivor on the death of his wife. He was, as to that parcel, a tenant by the curtesy on his wife's death, because of having children born alive by the marriage with Hania, and that life estate he conveyed by his deed to Noble.

It is argued, however, that he acquired an interest by the partition deed, became joint owner with his wife and thereby took as survivor on her death because of the following facts: When the domestic partition was made the judgment and mortgage debts against the land were divided into four equal parts. Thereat the judgment creditor, as I gather, loaned

the Lamars enough to pay Hania's share of the old mortgage, taking a new mortgage covering that advance plus her share of said subsisting judgment debts—the sum aggregating, say, $242. This last mortgage was paid off by Noble out of the proceeds of the sale to him in order to clear the land for that transaction. Recurring to that sale, it may, for our purposes, be conceded that Lamar in good faith thought he was selling and Noble in good faith thought he was buying the whole title. Whether William and Hania could have contracted together on an adequate consideration that they would become tenants by the entirety, and whether (if they had so contracted) the partition deed, *ex proprio vigore,* would have made them such tenants, we need not, hence do not, decide. It is sufficient for us to hold, as we do, that we find no clear and cogent evidence that William Lamar and Hania his wife contracted between each other that William should personally assume the payment of this debt as a consideration for the partition deed purporting to convey title to them jointly. How could it have that effect, when it neither diminished nor enlarged Hania's title by inheritance, but related solely to a severance of possession and made her the owner in severalty? Nor are we of opinion that the payment of that mortgage out of the proceeds of the sale of the land established, or tended to establish, the fact that William Lamar paid a consideration creating him a joint tenant with his wife. Whatever effect it had, it did not relate back to the partition deed and create a tenancy by the entirety.

If the foregoing were the whole case, we would affirm the judgment on the views already expressed. But it is not the whole case. As said, Hania Lamar acquired title subject to the liens of a mortgage and of certain judgments. As said, the plan of the domestic partition was to prorate the amount of the several lien debts among the heirs of Hiram J. Hurst. That

plan was consummated, and Hania's share was $242. That the amount took the form of a mortgage in favor of the judgment creditor who advanced enough more to take up her share of the old mortgage, goes for nothing in equity. It changed the form of the thing, but not the substance. Now, equity looks to substance, not form. Hania took title to her parcel, *cum onere,* the burden with the benefit, as heir of her father and the new mortgage stands for and represents her burden thus assumed. It would be highly inequitable to let her children have the land clear of such burden, when as here, Noble in good faith removed the burden by paying the mortgage debt. Noble was no volunteer or intermeddler. When he, to acquire the whole title, furnished the money to pay that mortgage in 1904, he became, on the whole title failing, entitled to subrogation. The mortgage was due and its payment saved the estate of the remaindermen. Noble's heirs and widow stand in his shoes; hence the chancellor, in clearing and correcting the title in favor of the Lamar children, and awarding partition, should have made Noble's heirs and widow whole in that regard, under the cardinal maxim: they who seek equity must do equity. "Equity does nothing grudgingly or by halves. Its out-stretched arm corrects, but with loving kindness, withal." [Stitt v. Stitt, 205 Mo. l. c. 165.] When equity lays hold of a subject-matter it does not lift its hand until plenary and perfect justice is done as near as may be under the issues. Appellants by their answer plead all the facts and ask relief. The proof sustained their view of it. The decree, *nisi,* did equity as far as it went, but it stopped short of doing full and rounded equity in the above regard. Mr. Noble when he bought from Lamar dealt with the land as full owner and greatly improved it. At best the case is a hard one for his estate. To allow the Lamar children to take the benefit of a title cleared of the encumbrance, would be lame and halting equi-

ty. They must make restitution out of the proceeds of the court's sale.

Accordingly the decree is reversed and the cause remanded with directions to enter a new decree awarding partition to the Lamar children, ordering a sale, and making the same disposition of the life estate as in the former decree, but in addition the chancellor must compute the interest at six per cent on $242 from the date in 1904 that the mortgage was paid and adjudge payment to the Nobles of the amount of principal and interest so found, out of the proceeds of the partition sale. *Graves, P. J.,* and *Woodson, J.,* concur; *Valliant, J.,* absent.