**REYES et al. v. A. O. KOLBERG, Inc.**

**No. 9909.**

Court of Civil Appeals of Texas.
San Antonio.

Jan. 6, 1937.

Rehearing Denied Feb. 3, 1937.

Kelley, Looney & Norvell, of Edinburg, for appellants.

Cecil R. Fulton, of McAllen, for appellee.

MURRAY, Justice.

This is an action in trespass to try title brought by appellee, A. O. Kolberg, Inc., against Nasaria Cano Gonzales de Reyes and her children, Benito Reyes, Otilla Reyes, Simon Reyes, Rafael Reyes, and Aniceto Reyes, for the recovery of share No. 2, consisting of 19.20 acres of land, out of a larger tract of 96 acres of certain lands in the Llano Grande grant in Hidalgo county, Tex.

Appellants Otilla Reyes, Simon Reyes, Rafael Reyes, and Aniceto Reyes claimed a four-sixth's interest in said share No. 2 by reason of their names appearing in a certain partition deed executed by their mother, Nasaria Cano Gonzales de Reyes, and four of her sisters and brothers.

The case is submitted upon an agreed statement of facts which clearly shows that appellants have no interest in share No. 2, unless they acquired same by reason of their names appearing in the partition deed between their mother and her sisters and brothers.

The paragraph of the partition deed in which appellants' names appear reads as follows:

"Second: Nasaria Cano Gonzales de Reyes a widow, Aniceto Reyes, Jacinto Reyes; Otila Reyes; Simon Reyes, Jr.; Rafael Reyes; shall from henceforth have, hold, possess and enjoy in severalty by themselves and to their heirs and assigns, the tract of land herein described, being a part of the above described ninety-six acres of land, said tract being numbered as Share No. 2, and containing nineteen and 20/100 acres of land, more or less, for their part, share interest and proportion of the said land premises, which said land now partitioned to the said second party is described by metes and bounds as follows."

It is settled law that a partition deed or agreement does not pass title but simply sets over to those who already have a title or interest in the property, a definite portion of the property there-tofore owned or held in common. Davis v. Agnew, 67 Tex. 206, 2 S.W. 43, 376; Grigsby v. Peak, 68 Tex. 235, 4 S.W. 474, 2 Am.St.Rep. 487; Jones v. State (Tex.Com.App.) 5 S.W.(2d) 973.

Prior to the partition deed, appellants did not own any part of the land, but, on the contrary, it belonged to their mother, and the mention of their names as joint grantees with their mother in the deed of partition did not have the effect of investing in them any title or interest in the land. Whitsett v. Wamack, 159 Mo. 14, 59 S.W. 961, 81 Am.St.Rep. 339; Snyder v. Elliott, 171 Mo. 362, 71 S.W. 826.

We therefore conclude that the trial court properly rendered judgment in favor of appellee and against appellants. Accordingly, the judgment will be in all things affirmed.